# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3481

UNITED STATES *ex rel.* FRIEDRICH LU,

*Plaintiff-Appellant,*

*v.*

DAVID W. OU, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 00 C 8127—**Harry D. Leinenweber**, *Judge.*

_____

SUBMITTED APRIL 19, 2004—DECIDED MAY 18, 2004

_____

Before POSNER, EVANS, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* Friedrich Lu brought a qui tam action under the False Claims Act, see 31 U.S.C. §§ 3729, 3730(b)(1), against Dr. David Ou, a pathologist who had been Lu's faculty advisor when Lu was a doctoral candidate at the University of Illinois at Chicago, and fourteen of Ou's colleagues. Until recently Ou was also on the staff of a veterans hospital, and the suit charges that for years he's been collaborating with the other defendants to publish scholarly articles based on fabricated medical research and to use these spurious publications to defraud the Veterans

Administration. The suit also charges that the defendants gave legitimate researchers free use of laboratory equipment at the veterans hospital in exchange for being credited as joint authors of those researchers' articles. The district court initially dismissed the suit, without prejudice, because it found "Lu's complaint to be incoherent and . . . [was] unable to discern any claims actionable under the False Claims Act." When Lu failed to file an amended complaint, the district court converted its dismissal into one with prejudice, precipitating this appeal.

A qui tam action is brought by a private party, called the "relator," on behalf of the government. If a qui tam suit under the False Claims Act succeeds, the relator obtains a reward of 25 to 30 percent of the judgment or settlement. 31 U.S.C. § 3730(d)(2). The government gets the rest. Because the government thus has the primary stake in the suit, it is empowered to take it over and prosecute it itself. The complaint is initially filed under seal and served only on the government, which then has 60 days in which to inform the district court that it plans to take over the prosecution of the suit. § 3730(b)(4).

Lu paid the filing fee and submitted his complaint to the district court under seal. Nothing happened for almost a year. Eventually the district judge unsealed the complaint and dismissed it as recounted above. So far as appears, the government was never served (which suggests another basis for dismissal); in any event it has not participated in the litigation either in the district court or in this court.

Lu filed his notice of appeal 45 days after the entry of the final judgment in the district court, and the initial question that the appeal presents—one we haven't had occasion to consider previously—is whether the notice of appeal in a qui tam suit in which the government has not appeared must be filed within 30 days, the deadline in private suits,

or 60 days, the deadline in suits to which the federal government is a party. Fed. R. App. P. 4(a)(1). In *United States ex rel. Petrofsky v. Van Cott, Bagley, Cornwall, McCarthy*, 588 F.2d 1327 (10th Cir. 1979) (per curiam), the Tenth Circuit held by a divided vote that even though the government is a named party in a qui tam suit, once it has declined to participate its presence in the suit is "merely a statutory formality" and therefore the shorter appellate time limit applies, at least in the absence of "other circumstances which indicate a need for more than the usual 30 days to make the appeal," *id.* at 1329 (a very curious qualification, we note parenthetically, to graft onto a jurisdictional statute). The Fifth and Ninth Circuits disagree with the Tenth. *United States ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304 (5th Cir. 1999); *United States ex rel. Haycock v. Hughes Aircraft Co.*, 98 F.3d 1100 (9th Cir. 1996). They point out that even if the government decides not to annex the lawsuit, it still can insist on receiving copies of all pleadings and depositions, 31 U.S.C. § 3730(c)(3), is free to pursue alternative remedies, § 3730(c)(5), and, most important, receives the lion's share of any recovery regardless of who conducts the litigation. §§ 3730(d)(1), (2). These decisions also note the trap for the unwary that would be created by giving Rule 4(a)(1) a nonliteral interpretation, and the desirability of avoiding uncertain inquiries (what is the named party's *real* interest in the case?) to determine jurisdiction. See also *United States ex rel. Petrofsky v. Van Cott, Bagley, Cornwall, McCarthy*, *supra*, 588 F.2d at 1327 (dissenting opinion); *United States v. American Society of Composers, Authors & Publishers*, 331 F.2d 117, 119 (2d Cir. 1964) (Friendly, J.). And if the United States is not a party—if Lu is the only party—then what is his standing to litigate a violation of the False Claims Act? The United States *is* a party, and that ought to be the end of the inquiry; Lu's notice of appeal filed within the 60-day time limit was timely.

There is another threshold issue, however. It is whether Lu can bring a qui tam action pro se, as he has attempted to do. The only appellate court to address the issue has held that a pro se relator cannot prosecute a qui tam action, because he is acting as an attorney for the government. *United States v. Onan*, 190 F.2d 1 (8th Cir. 1951). We agree. The relator is not technically the government's lawyer; but the same policy that forbids litigants, whether they are corporations, or other organizations, or individuals, such as members of a class or shareholders, to be represented by nonlawyers, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Navin v. Park Ridge School District 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829 (7th Cir. 1986) (per curiam); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (per curiam), is applicable to qui tam suits. Lu is suing not on his own behalf, but on behalf of the government. Of course his motives may well be purely private—spite against Ou for example, or desire for the monetary reward that the successful relator obtains. But an agent does not become a principal by having a personal incentive to act for him. A rule that limits legal representation (except self-representation) to lawyers operates to filter out frivolous litigation that can redound to the harm of the represented party, especially when as in this case the representative is a volunteer; the government didn't hire Lu to sue on its behalf. "[A] party may be bound, or his rights waived, by his legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility." *Lewis v. Lenc-Smith Mfg. Co.*, *supra*, 784 F.2d at 830 (internal quotations and citation omitted). "A relator may make sweeping allegations that, while true, he is unable effectively to litigate, but which nonetheless bind the govern-

ment, via *res judicata*, and prevent it from suing over those concerns at a later date when more information is available." *Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749, 763 (5th Cir. 2001).

The remaining question is whether, rather than affirm the dismissal of Lu's suit with prejudice, we should remand the case to the district court to give Lu a chance to find a lawyer. We think not. The district judge was correct; the complaint is incoherent, even crazy. We cannot imagine a reputable lawyer being interested in taking the case on a contingent basis—the only possible basis, since Lu describes himself as homeless and without a telephone.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*