**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted December 20, 2006[*]
Decided December 27, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3107

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES SZYMCZAK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 05-C-0553 |
| COVENANT HEALTHCARE SYSTEMS, INC., *Defendant-Appellee*. | C. N. Clevert, Jr., *Judge*. |

**O R D E R**

James Szymczak brought this *qui tam* action against Covenant Healthcare Systems, Inc., the operator of the hospital and nursing home where his mother was treated in the summer of 2003.  He has previously sued Covenant in state court on a number of theories, all stemming from his opposition to a petition filed by the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

hospital for guardianship and protective placement of his mother. In this lawsuit, Szymczak alleges that Covenant filed fraudulent Medicare claims and received payment for "unnecessary, unrendered, misrepresented, and unreimbursable services," in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-32. Szymczak filed the lawsuit *pro se*, and for this and other reasons Covenant moved to dismiss the complaint. The district court granted the motion based on our holding in *United States ex rel. Lu v. Ou,* 368 F.3d 773, 775 (7th Cir. 2004), that a *pro se* relator cannot prosecute a *qui tam* action under the FCA.

The thrust of Szymczak's argument on appeal is that he "respectfully disagrees with *Lu*." But he does not provide us with a sound reason to revisit our holding in that case. As we explained, a *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants. *Id*. at 775. And, a rule against *pro se* plaintiffs representing the government "operates to filter out frivolous litigation that can redound to the harm of the represented party." *Id.* The cases Szymczak cites for the proposition that a *qui tam* relator has Article III standing are inapposite. A lack of standing is not the impediment to his ability to prosecute this claim.

In its appellate brief Covenant asks us to sanction Szymczak for filing a frivolous appeal, *see* Fed. R. App. P. 38, but sanctions may be imposed only after a separately filed motion or notice from the court and reasonable opportunity to respond. *Id.* A statement in a brief is insufficient notice that the court is contemplating sanctions. *Id.*; *Greviskes v. Univs. Research Ass'n*, 417 F.3d 752, 761 (7th Cir. 2005). Sanctions may be appropriate in this case, however. Szymczak is entitled to make a good-faith argument for a change in the law, but he may not file a federal lawsuit for purposes of harassment. *See McCready v. EBay Inc.*, 453 F.3d 882, 892 (7th Cir. 2006); *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 761-762 (7th Cir. 1999). That he has already sued Covenant multiple times in state court and filed numerous administrative complaints against Covenant's employees and attorneys suggests that may be his purpose here. We order him to show within 14 days why we should not impose sanctions for filing this appeal.

AFFIRMED.