**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 10, 2007[*]
Decided October 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-1596

| | |
|---|---|
| DANIEL L. MILES,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>DALE E. KLEIN, Chairman, United States Nuclear Regulatory Commission,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 06 C 4351<br><br>Charles P. Kocoras,<br>*Judge.* |

**O R D E R**

Daniel Miles appeals from the denial of class certification and dismissal of his individual Title VII discrimination complaint against his employer, the United States Nuclear Regulatory Commission. *See* 42 U.S.C. §§ 2000e to 2000e-17. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Miles, an African-American male, works as an Information Technology Specialist for the Nuclear Regulatory Commission in Lisle, Illinois. In December 2005 Miles filed a charge with the Equal Employment Opportunity Commission seeking to represent a class of African-American males who he claimed his employer had discriminated against on the basis of race and gender. After his petition for class certification was denied, Miles rejected the EEOC's offer to process his charge as an individual complaint. He instead filed suit in federal district court.

In federal court, Miles again sought to represent a class of African-American males who he claimed were the victims of race and gender discrimination in hiring and promotions. The district court cautioned Miles, who was representing himself, not to seek class certification before developing the facts of his individual claim, but Miles insisted that he would only continue the case as a class action. The district court denied Miles's oral motion for class certification and, as promised, Miles refused to continue litigating his individual claim. In response, the court dismissed Miles's individual claim "for plaintiff's lack of desire to pursue this case."

On appeal Miles first argues that the district court should have certified a class with him as class representative *and* as class counsel. This contention is easily disposed of as it is well settled that a nonlawyer, such as Miles, cannot act as legal counsel for a class. *See, e.g.*, *United States v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004). Because the district court gave Miles more than enough time to hire a lawyer, denial of his oral motion for class certification was, therefore, not an abuse of discretion. *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007).

Miles also contends that the district court erred when it dismissed his individual claim of discrimination due to Miles's "lack of desire to pursue" it. Under Federal Rule of Civil Procedure 41(b), a district court has the power to sua sponte dismiss a claim for failure to prosecute, and we will reverse such dismissals only if the district court abused its discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). In this case the record is plain that Miles did not wish to continue prosecuting his case after class certification was denied. Miles's contention that the record does not demonstrate the type of extreme conduct that would normally warrant dismissal for failure to prosecute is beside the point. As Miles explains in his reply brief, he sought and continues to seek "to litigate his individual claims of discrimination in a class-action context." But once the district court correctly denied that context to him, Miles refused to continue litigating his case. The district court warned Miles that it would dismiss based on his refusal to pursue his individual claim, *see Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993), and Miles refused to change his position. The district court did not abuse its discretion when it took the only course of action that Miles left it and dismissed his individual claim.

Finally, Miles claims that the transcripts themselves are "tainted" and "do not correctly reflect the statements actually made during the status hearings held in the District Court." But Miles does not identify which part of the transcripts he believes to be incorrect or any statements made at the hearings that were not included in the transcripts, so we could deem the argument waived. *Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005). Instead, we will address it more directly under Federal Rule of Appellate Procedure 10(e)(1), which states, "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." *See also* Cir. Rule 10(b); *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005). In other words, we are simply unable to consider in the first instance an argument that a certified transcript from the district court is "tainted." *See Zimmerman v. Chi. Bd. of Trade*, 360 F.3d 612, 622 (7th Cir. 2004)*; see also* 28 U.S.C. § 753 (explaining that certified transcript is "deemed prima facie a correct statement of the testimony taken and proceedings had").

Accordingly, the judgment of the district court is AFFIRMED.