**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2009[*]
Decided April 1, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2845

| | |
|---|---|
| STACY ALEXANDER, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 07-CV-634-WDS |
| | |
| CASINO QUEEN INC., | William D. Stiehl, |
| *Defendant-Appellee*. | *Judge*. |

O R D E R

Stacy Alexander, Kathie Miller, and Kim Rogers sued their former employer, Casino Queen Inc., for employment discrimination. After the plaintiffs repeatedly failed to comply with procedural rules and court directives, the district court dismissed their case for failure to prosecute. They appeal, and we affirm.

In July 2006 the three employees filed separate complaints with the Equal Employment Opportunity Commission, alleging that Casino Queen had discriminated

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  FED. R. APP. P. 34(a)(2).

against them on the basis of their race (African American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. The EEOC sent them right-to-sue letters; on the last day of the permitted 90-day period, they brought this lawsuit. Their attorney, however, did not file the complaint electronically as required by the local rules, and so the following month the district court ordered them to show cause why their case should not be dismissed for failure to prosecute. Counsel responded that he had misunderstood the local rules and that a medical condition had prevented him from correcting the mistake sooner.

This early scare did not improve counsel's performance. Additional instances of noncompliance with federal and local rules, as well as court-ordered deadlines, led to further warnings of dismissal for failure to prosecute. In early 2008 the plaintiffs' failure to serve Casino Queen properly prompted the court to advise them that dismissal for want of prosecution was (again) imminent. The lawyer fixed the service problem, but another incident soon arose: in May, he disregarded a magistrate judge's directive to initiate a pretrial conference call between the court and the parties. The court again ordered the plaintiffs to show cause why their case should not be dismissed for failure to prosecute. When counsel did not comply with this order, the district judge adopted the magistrate judge's recommendation (made on his own initiative) that the case be dismissed with prejudice for failure to prosecute. The plaintiffs responded by filing a "letter of objection," in which they asked the court to overturn the dismissal because their attorney had "dropped the ball" and "grossly misrepresented" them; they also asked for 30 days to seek new counsel. The district judge construed this letter as a motion for reconsideration and extension of time and denied the motion.

The plaintiffs, now proceeding *pro se*, appeal the dismissal of their case for failure to prosecute. They argue that dismissal relieves Casino Queen of liability for discriminating against them and that it is unfair to punish them for the unprofessional conduct of their attorney.

At the outset we note that the plaintiffs' appellate brief bears the signature of only Stacy Alexander. But Alexander, a non-lawyer, may not represent the interests of Miller or Rogers. See *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004). Because Miller and Rogers neither signed the brief nor filed one of their own, they are dismissed as parties to this appeal. See *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

As for the merits, our review of a dismissal for failure to prosecute is deferential, see *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008), and we conclude that the court did not

abuse its discretion here. District courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte*, are in order. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Aura Lamp & Lighting, Inc. v. International Trading Corp.*, 325 F.3d 903, 909-10 (7th Cir. 2003). In three separate show-cause orders, the court formally warned the plaintiffs (through counsel) about the prospect of dismissal; the last of the orders elicited no response at all. The plaintiffs urge that they are blameless and that responsibility for the malfeasance lies only with their attorney, but the "sins of the agent can be visited upon the principal." *Ball v. City of Chi.*, 2 F.3d 752, 756 (7th Cir. 1993). If their attorney committed malpractice, the plaintiffs can bring a malpractice action against him; they should not, however, be permitted to shift the burden of his neglect to the district court and the defendant. *Tango Music, LLC v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003).

Miller and Rogers are dismissed as parties to this appeal, and the judgment of the district court is otherwise AFFIRMED.