# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 13-1367

MICHAEL GEORGAKIS,

*Plaintiff-Appellant*,

*v.*

ILLINOIS STATE UNIVERSITY, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 12 C 10245—**John J. Tharp Jr.**, *Judge*.

SUBMITTED JUNE 26, 2013—DECIDED JULY 16, 2013

Before BAUER, POSNER, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, proceeding pro se, filed this suit against nine chemistry professors at Illinois State University (and the university itself, but as far as we can tell he seeks no relief against it), charging them with having defrauded the United States in violation of several federal statutes by obtaining federal grant money on the basis of research papers that they had plagiarized. The plaintiff does not allege that the defendants' fraud

harmed him, and so this is a *qui tam* suit (though not captioned as such)—a suit in which a private person, generally hoping for a bounty, see 37 U.S.C. §§ 3730(d)(1-2), seeks to obtain monetary relief for a government, in this case the federal government, to compensate the government for a legal wrong done to it. See 31 U.S.C. § 3730(b); *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000); *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009); *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 532-33 (7th Cir. 2008). But to maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer—and Georgakis is neither. A nonlawyer can't handle a case on behalf of anyone except himself. *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004)[*]; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986) (per curiam); *United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92-93 (2d Cir. 2008); see 28 U.S.C. § 1654. The plaintiff can't maintain this suit in his individual (as distinct from a representative) capacity either, because he doesn't claim to have been injured by the defendants in the slightest and he therefore seeks no benefit to himself from the suit other than the bounty that he could expect to be awarded if the suit were successful.

The district judge pointed out that Georgakis, not being a lawyer, could not act as the government's law-

---

[*] An unrelated ruling in *Lu* was overruled in *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 931 n. 1 (2009).

yer. The judge added in his order dismissing the suit that "because [the plaintiff] has not alleged that he personally has suffered any harm, he lacks standing to bring this lawsuit." That would be correct if the suit were on the plaintiff's own behalf, but it isn't. The order further states that the suit is being dismissed "on the ground that it is frivolous and fails to state a claim upon which relief may be granted."

The judge thus gave four separate grounds for dismissing the suit. Two were jurisdictional—the plaintiff had suffered no injury and the suit was frivolous (a frivolous suit does not engage federal jurisdiction, *Hagans v. Lavine*, 415 U.S. 528, 536-38 (1974); *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277-78 (7th Cir. 1988)). There was also a procedural ground—no lawyer represented the real party in interest, the United States. And a merits ground—failure to state a claim.

Dismissals for want of federal jurisdiction normally are without prejudice (though even then, as noted in *United States v. Funds in the Amount of $574,840*, No. 12-3568, 2013 WL 2507635, at *3 (7th Cir. June 11, 2013), the *ground* on which a court holds that it lacks jurisdiction may have a preclusive effect in future cases—at the least it will bar refiling the identical suit in the same court). A court has to have jurisdiction in order to be able to decide the merits. For if it doesn't have jurisdiction the plaintiff should be free to seek relief in some court that does, rather than being precluded from doing so by the dismissal of his first suit—as normally he would be

if that suit were dismissed on the merits; such a dismissal is with prejudice unless the judge grants the plaintiff leave to replead. *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011); *Leavell v. Illinois Dep't of Natural Resources*, 600 F.3d 798, 808 (7th Cir. 2010).

Dismissals for lack of proper representation, as in the *Lewis* and *Mergent Sevices* cases (*Lu* was a dismissal with prejudice, see 368 F.3d at 776, because like this suit it was frivolous), are also normally without prejudice, to give the plaintiff a chance to find a lawyer to handle the case. But the plaintiff's ineligibility to represent the United States in a *qui tam* suit does not signify an absence of standing to sue. It no more deprives the court of jurisdiction than would the dismissal of the named plaintiff in a class action on the ground that he isn't an adequate class representative, *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008), since he could be replaced by another member of the class.

We don't know whether the judge intended to dismiss Georgakis's suit with or without prejudice. In the first paragraph of the order of dismissal he said the case was being dismissed "with prejudice" and in the next paragraph that it was being dismissed "without prejudice." The analysis in the order could justify either form of dismissal.

To decide which form of dismissal it is or could be, we are helped by noting that as explained most recently in *United States v. Funds in the Amount of $574,840, supra*, 2013 WL 2507635, at *3, and *El v. AmeriCredit Financial Services, Inc.*, 710 F.3d 748, 751, 754 (7th Cir. 2013), a suit

that either is frivolous or, though it is outside the court's jurisdiction for some other reason, intended to harass, can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere. The judge said that this suit was frivolous, and he was right. The plaintiff cannot represent the real party in interest (the United States) without obtaining a lawyer to conduct the litigation, and in any event has made no attempt to link the defendants' alleged fraud to any subsequent applications for research grants by them. His filings in the district court, and his brief in this court, are handwritten, barely legible, and, where legible, almost incoherent.

The suit appears, moreover, to be intended to harass the defendants. This is the plaintiff's seventh suit against chemistry professors at Illinois universities. The previous six have all been dismissed. In only one of them did the judge base dismissal on the plaintiff's ineligibility to represent the United States in litigation. The other judges dismissed his suits because the suits were meritless, or failed to identify a specific defendant, or Georgakis lacked standing to sue because he had no personal stake in the litigation. He went ahead with the present case undeterred by the fate of his previous cases. The inference of intent to harass is compelling.

So the judge had the authority to dismiss the suit with prejudice and had compelling reasons for doing so. Although we can't be certain that he intended to dismiss with prejudice, so clear is it that that was the right course, because of the frivolousness of the suit and the strong inference that the plaintiff is engaged in a

campaign of harassment, that we can assume that the judge indeed intended to dismiss the suit with prejudice. So understood, the judgment is

AFFIRMED.