NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013[*]
Decided July 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 13-1393

| | |
|---|---|
| ROMELLE ROSS-WEST and JAMES WEST, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 4583 |
| THE BANK OF NEW YORK MELLON CORPORATION, *Defendant-Appellee*. | Joan B. Gottschall, *Judge*. |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

Romelle Ross-West and James West have sued the Bank of New York Mellon claiming that the Bank wrongfully foreclosed on their mortgage. The Wests accuse the Bank of violating their civil rights and seek a judgment declaring them the owners of their home and enjoining the Bank from taking possession. Because an Illinois court already had entered a foreclosure judgment in favor of the Bank, the district court dismissed the Wests' complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. See *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). We agree with the district court's reasoning and affirm the judgment.

In 2007 the Wests obtained a mortgage loan from Countrywide Home Loans, Inc., for their house in Calumet City, Illinois. The mortgage soon was assigned to the Bank of New York Mellon, and in September 2008 the Bank filed a foreclosure action against the Wests in the Circuit Court of Cook County. The state court entered a foreclosure judgment in favor of the Bank in 2009, and the next year entered an order approving the sale of the home to the Bank and disposing of the case. The Wests did not appeal.

In 2012 the Wests sought to forestall their eviction by suing the Bank in federal district court. They asserted that the mortgage had been assigned unlawfully to the Bank, and thus the Bank had no "legal justification" to bring a foreclosure action. The assignment was a fraudulent conveyance under Illinois law, the Wests contended, and also violated their rights to due process and equal protection. Rather than filing an answer, the Bank moved to dismiss the Wests' complaint for lack of subject-matter jurisdiction. See FED. R. CIV. P. 12(b)(1). The Wests filed a response and also attempted to amend their complaint by substituting a new claim that the Bank violated the False Claims Act. See 31 U.S.C. §§ 3729–3733.

The district court granted the Bank's motion and dismissed the Wests' complaint. Taking judicial notice of the state-court foreclosure proceedings, the court concluded that under *Rooker-Feldman* it lacked jurisdiction because the Wests' lawsuit seeks as relief an order vacating the state-court judgment declaring the Bank to be the owner of their home. The court also struck the Wests' amended complaint because they had filed it without leave of court, which was required because the Bank's motion to dismiss had been filed more than 21 days earlier. See FED. R. CIV. P. 15(a)(1)–(2). The court added that it would have denied leave anyway because the amended complaint does not state a claim under the False Claims Act.

The Wests appeal from the dismissal of their complaint, but we agree with the district court that the *Rooker-Feldman* doctrine barred their suit. Under that doctrine, federal courts other than the Supreme Court lack jurisdiction over suits seeking to overturn a state-court judgment. See *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir.), *cert. denied*, 133 S. Ct. 176

(2012); *Johnson v. Orr*, 551 F.3d 564, 567–68 (7th Cir. 2008); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004). No matter how the Wests frame their complaint, the district court could not grant the requested relief—a judgment declaring them to be the rightful owners of the home—without disturbing the state court's foreclosure judgment. Their suit thus challenges the adverse state judgment and is barred in federal court by *Rooker-Feldman*. See *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011) (concluding that *Rooker-Feldman* barred claims seeking to overturn state foreclosure judgment); *Taylor*, 374 F.3d at 531–33 (*Rooker-Feldman* barred suit alleging that foreclosure judgment was obtained through fraud because plaintiff's request for recovery of her home could not be granted without vacating foreclosure judgment); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (explaining that plaintiffs cannot avoid *Rooker-Feldman* by framing challenges to state judgments as civil-rights actions). And jurisdiction aside, the Wests' civil-rights action would have been frivolous because the Bank, a private institution, is not a state actor. See *Wagner v. Washington Cnty.*, 493 F.3d 833, 836 (7th Cir. 2007); *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

The Wests also appear to challenge the district court's decision to strike their amended complaint, but that ruling was not an abuse of discretion. See *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011). The new claim the Wests hoped to raise—which alleges that the Bank charged its customers improper fees and misapplied their mortgage payments—does not state a claim under the False Claims Act because their allegations do not involve the United States government. See *United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 602, 604 (7th Cir. 2005); *United States ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999). Furthermore, the Wests could not bring a suit under the False Claims Act at all because they are not lawyers and were not represented by lawyers in the district court. See *Georgakis v. Illinois State University*, No. 13-1367, slip op. at 2 (7th Cir. July 16, 2013); *United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92–94 (2d Cir. 2008).

We have examined the Wests' remaining contentions, and none has merit. Accordingly, we AFFIRM the judgment of the district court.