**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013[*]
Decided August 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 13-1300

| | |
|---|---|
| VINCENT PISCOPO, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 12 C 8067 |
| STATE FARM INSURANCE and | |
| DONALD LOMASNEY, | Charles R. Norgle, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

In 2007 a car driven by Vincent Piscopo was struck by another driver. Piscopo sued the driver and the driver's carrier, State Farm Insurance, in state court, and after a trial a jury returned a verdict in Piscopo's favor and awarded him damages. (The

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

amount of damages is not in the record.) Not satisfied with the result, however, Piscopo sued the same defendants in federal district court less than a year later. He argued that during the state-court trial, the defendants wrongfully induced witnesses to commit perjury and their lawyers to mislead the jury, causing the jury's award to be unfairly low. For relief, Piscopo asked the court to review the testimony at his trial and award him $2.5 million in punitive damages. The district court dismissed the suit for lack of subject-matter jurisdiction, concluding that Piscopo could not appeal from a state-court judgment in federal court.

Less than a month later Piscopo filed a nearly identical complaint in federal court. The factual allegations about inducing lawyers and witnesses to lie are the same as in the earlier federal suit; Piscopo merely added that the misconduct violated various constitutional rights. The district court dismissed the suit for the same reason as the previous suit, and Piscopo appeals from that second dismissal only. Because the second suit did not engage the subject-matter jurisdiction of the court, we affirm.

The defendants argue that because the district court concluded that it lacks jurisdiction over Piscopo's suit, we too lack jurisdiction to consider Piscopo's appeal from that determination. That much is incorrect. We have appellate jurisdiction over every "final decision" entered by a district court, *see* 28 U.S.C. § 1291, and an order dismissing a complaint for lack of jurisdiction is a final, appealable decision that we review de novo, *see El-Khader v. Monica*, 366 F.3d 562, 565–66 (7th Cir. 2004); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995); *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.3d 989, 993 (D.C. Cir. 1982).

Exercising that review, however, we agree with the district court that Piscopo's suit cannot proceed in federal court. The district court's reasoning—that a litigant cannot appeal to federal district court the ruling of a state court—calls to mind the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). But the Supreme Court emphasized in *Exxon Mobil Corp. v. Saudi Basic. Indus. Corp.*, 544 U.S. 280, 284 (2005), that the doctrine is "confined to . . . cases brought by state-court *losers* complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (emphasis added.) Pispcoo *won* in state court, although he believes not by enough. Courts of appeals have taken seriously *Exxon's* confinement of *Rooker-Feldman* to only "state-court losers." *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330–31 (11th Cir. 2010); *Green v.*

*Mattingly*, 585 F.3d 97, 101–02 (2d Cir. 2009). Therefore, *Rooker-Feldman* does not itself impede subject-matter jurisdiction.

But Piscopo's suit does not engage the jurisdiction of the federal court for another reason: the suit raises no substantial federal question. "[I]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (citation and quotation marks omitted). The only vehicle for Piscopo's claims would be a suit under 42 U.S.C. § 1983, but to state a claim under that section a plaintiff must allege that the defendants acted under color of state law. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007); *Kramer v. Vill. of North Fond Du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Piscopo does not even try to allege that the defendants here are state actors. Nor could he. Neither of the defendants named in Piscopo's complaint (a private insurer and its insured), nor the witnesses or lawyers who allegedly spoke falsely, are connected to state or local government. Moreover, the complaint does not suggest that these people conspired with state actors to harm him. *See Maniscalco v. Simon*, 712 F.3d 1139, 1145 (7th Cir. 2013); *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012). A § 1983 suit against only private actors does not raise a substantial federal question, and therefore the suit was properly dismissed for lack of subject-matter jurisdiction. *See Georgakis v. Illinois State University*, No. 13-1367, slip op. at 3 (7th Cir. July 16, 2013) ("[A] frivolous suit does not engage federal jurisdiction.").

A claim whose dismissal is affirmed because the claim lacks a substantial federal question not only fails to engage a federal court's subject-matter jurisdiction; the claim is also disposed of with prejudice because a frivolous federal claim "will go nowhere in any court." *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013); *see also Georgakis*, slip op. at 4–5 (justifying the with-prejudice treatment of a federal claim dismissed as insubstantial "to avoid burdening the court system with a future suit that should not be brought—anywhere."). Because the disposition of this case is with prejudice, we also observe that Piscopo's purported federal claim would go nowhere in any court for a second reason: preclusion. Piscopo's second federal lawsuit is identical to his federal suit dismissed for lack of subject-matter jurisdiction a month earlier; therefore the issue of federal jurisdiction in the second suit was precluded by the adverse ruling in the first. *See Georgakis*, slip op. at 3; *United States v. Funds in the Amount of $574, 840*, --- F.3d ----, 2013 WL 2507635, at *3 (7th Cir. June 11, 2013); *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). Even if the first federal suit were ignored, the second federal suit would be precluded by the earlier state-court suit because that suit occurred between the same parties, it reached a final

judgment on the merits, and Piscopo had an opportunity in that litigation to raise his contentions about the testimonial and argumentation errors. *See Dookeran v. Cnty. of Cook, Ill.*, --- F.3d ----, 2013 WL 1846536, at *4 (7th Cir. May 3, 2013) (discussing requirements of Illinois claim-preclusion law).

**AFFIRMED**.