NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3360

| | |
|---|---|
| GEORGE L. WORTHAM, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-C-0914 |
| CHR. HANSEN, INC., <br> *Defendant-Appellee.* | Charles N. Clevert, Jr., <br> *Judge.* |

**O R D E R**

George Wortham filed a complaint naming as defendant Chr. Hansen, Inc. (the U.S. subsidiary of a Danish producer of food additives). Typical of his complaint is Wortham's allegation that

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

>    Hansen Lab inc failure to their decisions to grants entitlement rights to
>    MR Wortham the redenied by hansen lab inc don't let it be through stripes
>    bible speaks.

The complaint refers to medical records but does not explain what was done with them or how they are connected to a legal claim. Wortham attached what appear to be cut-and-paste excerpts of filings from other lawsuits with no discernable connection to this one; the copied passages concern writs of habeas corpus, appellate procedure, Social Security benefits, and California evidentiary law.

The district court could not decipher a cognizable claim and dismissed Wortham's suit for lack of subject-matter jurisdiction. (This is not the first time Wortham has filed a lawsuit that confounded a federal court. *See Wortham v. Chr. Hansen Lab, Inc.*, 48 F.3d 1222 (7th Cir. 1995) (unpublished disposition); *Wortham v. Chris Hansen Lab, Inc.*, No. 3-10-CV-2079-P, 2010 WL 4924764 (N.D. Tex. Oct. 19, 2010).) Wortham's appellate brief makes no more sense than his complaint. We could dismiss the appeal for noncompliance with Federal Rule of Appellate Procedure 28(a)(9), *see Correa v. White*, 518 F.3d 516, 517–18 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but we easily can see that the district court's disposition is correct. Wortham does not allege diversity of citizenship or a controversy involving more than $75,000, 28 U.S.C. § 1332, and frivolous suits do not engage the federal-question jurisdiction, *id.* § 1331. *Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974); *El v. AmeriCredit Fin. Servs. Inc.*, 710 F.3d 748, 751 (7th Cir. 2013). Filings such as Wortham's that are incoherent or lack a legal basis are frivolous. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013); *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003).

**AFFIRMED**.