NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3656

| | |
|---|---|
| SONYA DAVIS, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 17 C 7714 |
| BANK OF AMERICA CORP., et al., | |
| *Defendants-Appellees*. | Charles P. Kocoras, *Judge*. |

**O R D E R**

This litigation succeeds *Davis v. Bank of America Corp.*, No. 16 C 5993, 2017 WL 4237047, (N.D. Ill. Sept. 25, 2017), in which three dozen homeowners sued numerous financial institutions for various unfair business practices. The district court dismissed the suit after concluding that the plaintiffs' third amended complaint did not state a claim and violated Federal Rules of Civil Procedure 8, 20, and 21.

---

[*] We have agreed to decide this case without oral argument because it is frivolous. *See* FED. R. APP. P. 34(a)(2)(B).

Rather than pursue an appeal, the homeowners "refiled" their suit under a different case number, with each plaintiff signing the complaint pro se. They named the same financial institutions they had sued previously but added claims against both their former attorney and an attorney who represented some of the defendants in the prior suit. At a status hearing, the plaintiffs' spokesperson, Sonya Davis, confirmed that the case was based on the "original facts" of the prior suit. The judge then dismissed the new suit with prejudice, explaining that the complaint suffered from the same deficiencies that had led to the prior dismissal and that the plaintiffs could not "keep filing the same thing over and over."

On appeal Davis, who is not a lawyer, continues to refer to herself as the plaintiffs' spokesperson. But Davis may not litigate in federal court on behalf of the other plaintiffs, none of whom signed her filings in this court. *See* 28 U.S.C. § 1654; *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). Moreover, she alone signed the notice of appeal, and she does not allege that any of the other plaintiffs are her spouse or minor children, the only persons on whose behalf she could sign. *See* FED. R. APP. P. 3(c)(2). We thus agree with the appellees that Davis is the only plaintiff participating in the appeal.

That said, Davis's appellate submissions do not contain any coherent argument for our review. *See* FED. R. APP. P. 28(a)(8); *Rahn v. Bd. of Trs. of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015). She does not engage with the district court's reasoning that the complaint in this case suffered from the same deficiencies that led to the dismissal of the prior suit. She merely recites the procedural history of both cases and asserts, without elaboration, that both dismissals deprived the plaintiffs of due process. We construe pro se filings liberally, but such undeveloped contentions are waived. *See Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Because Davis has not developed any argument for our review, the appeal is DISMISSED.