NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 21, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1031

| | |
|---|---|
| DELOIS A. BANISTER,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:20-cv-00679 |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-RM1 Asset-Backed Pass-Through Certificates, Series 2006-RM1, and JPMORGAN CHASE BANK, N.A.,<br>    *Defendants-Appellees*. | **Robert M. Dow, Jr.**, *Judge*. |

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

This lawsuit is Delois Banister's fifth attempt to overturn a five-year-old Illinois judgment foreclosing the mortgage on her home. As in her previous actions, Banister asserts that J.P. Morgan Chase Bank and U.S. Bank, as trustee for the fund that held her securitized mortgage, committed misconduct during the state foreclosure proceedings. The district court dismissed the case for lack of subject-matter jurisdiction, ruling that the *Rooker-Feldman* doctrine barred her claims. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). It further recommended that the Northern District of Illinois' Executive Committee consider designating Banister as a restricted filer. We affirm, and because Banister pressed this appeal despite knowing that it was frivolous, we order her to show cause why we should not impose sanctions.

In July 2015, Banister lost her home in a foreclosure action in the Circuit Court of Cook County, Illinois. From the time she got wind of a possible foreclosure action, Banister has filed five federal lawsuits against the lender and the holder of her note, accusing them of various acts of misconduct before and during the foreclosure proceedings. Five different district judges handled the cases. Two dismissed her complaints, *Banister v. U.S. Bank*, No. 16-cv-09902 (N.D. Ill. filed Oct. 21, 2016); *Banister v. U.S. Bank*, No. 19-cv-6248 (N.D. Ill. filed Sep. 19, 2019), based on the *Rooker-Feldman* doctrine, which bars state-court losers from challenging state-court judgments in federal court. *See Mains v. Citibank*, 852 F.3d 669, 675 (7th Cir. 2017). Banister voluntarily dismissed two other cases, *Banister v. U.S. Bank*, No. 12-cv-07196 (N.D. Ill. filed Sept. 10, 2012); *Banister v. U.S. Bank*, No. 19-cv-00793 (N.D. Ill. filed Feb. 7, 2019)—one after the district court ordered her to explain why the *Rooker-Feldman* doctrine did not apply. *Banister*, No. 19-cv-00793.

In a fifth complaint based on the same underlying allegations, Banister asserted that the defendants committed bank fraud in violation of 18 U.S.C. § 1344. She sought $20 million in damages and asked the district court "to set aside [the] judgment and sheriff sale" based on the "illegal foreclosure." The court dismissed the complaint for lack of subject-matter jurisdiction, ruling that *Rooker-Feldman* barred the claims. The court added that it had "every reason to believe that Plaintiff will try to raise the exact same issues before this court again" because this was "the *fifth* time Plaintiff has tried to get the federal courts to meddle with the state foreclosure proceeding … and she has ignored every federal judge … who has told her that this court lacked subject matter

jurisdiction over her claims." The court referred the case to the Executive Committee to consider whether Banister should be a restricted filer.

Banister appeals, generally asserting that the dismissal was unfair and that the judge was biased.[1] But she does not meaningfully engage with the district court's reason—that her claims are blocked by the *Rooker-Feldman* doctrine. Although we construe pro se filings liberally, "an appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) (emphasis in original). We could dismiss her appeal on that ground alone. See FED. R. APP. P. 28; *Klein*, 884 F.3d at 757.

For the sake of completeness, and because this is the first time one of Banister's cases has come before us on the merits, we note that the district court's decision is sound. Banister's complaint expressly seeks to vacate the state foreclosure order, which is exactly what the *Rooker-Feldman* doctrine prohibits. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Mains*, 852 F.3d at 676. Although Banister also seeks damages, a federal court could not award them without invalidating the foreclosure judgment—something that only an Illinois appellate court or the Supreme Court of the United States could do. *Exxon Mobile Corp.*, 544 U.S. at 284.

To the extent that Banister contests the referral to the Executive Committee, she cannot so do here. A referral is not an appealable judgment or order. We note that as of January 2021, Banister became a restricted filer in the Northern District. *In re Banister*, No. 21-C-0304 (N.D. Ill. Exec. Comm. Jan 22, 2021). She could have appealed that final order. *In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003).

Given the frivolous nature of this appeal and the overall pattern of which it is a part, Banister is ordered to show cause within 14 days why she should not be sanctioned with an order to pay the appellees' costs and attorney fees in defending this appeal. See FED. R. APP. P. 38. Banister has burdened five different district judges with her repetitive lawsuits over which the federal courts lack jurisdiction. And the district court warned her when dismissing the complaint and when denying her motion to proceed in forma pauperis on appeal that her contentions are frivolous. Further, it is not

---

[1] Someone named Gerald Warren also signed the brief, and Banister purports to "represent" Warren, but this person is not a party. As a pro se litigant, Banister cannot represent anyone but herself. See 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel").

just the *Rooker-Feldman* doctrine that doomed her case. One glance at Banister's complaint reveals several other deficiencies: the duplicative, harassing nature of the case, see *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013); the preclusion of her claims by earlier federal judgments, see *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012); and her attempt to bring a civil action for damages under 18 U.S.C. § 1344—a criminal statute.

AFFIRMED.