PER CURIAM: *
This case involves claims under Title IX of the Education Amendments of 1972, as codified at 20 U.S.C. § 1681, as well as equal-protection claims brought under 42 U.S.C. § 1983 and state-law claims raised under 28 U.S.C. § 1367.[1] The Carmichaels appeal the district court’s dismissal of their complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, we reverse in part and affirm in part.
I.
The Carmichaels’ son, Jon, was a thirteen-year-old student at Loftin Middle School, who committed suicide after allegedly being bullied by his fellow students. The defendants-appellees are school officials who, according to the Carmichaels, demonstrated deliberate indifference to the bullying.
The Carmichaels’ complaint alleges that Jon was bullied throughout “[t]he 2009-2010 school year.” According to the complaint, “[o]n numerous occasions, Jon was accosted by a group of boys in the locker room — oftentimes having his underwear removed — while Defendant Watts observed.” During “[t]he last of these incidents ... just before Spring Break — a few days before Jon took his life,” members of the football team “stripped [Jon] nude and tied him up” and “placed [Jon] into a trash can” while calling him “fag,” “queer,” and “homo.” As the complaint explains, “[a] number of students in the locker room observed this deplorable behavior,” and one of these students “videotaped the attack and uploaded it to YouTube.” The harassment against Jon was, according to the complaint, “based on gender or gender-based stereotypes.” Shortly thereafter, Jon committed suicide in March 2010.
The Carmichaels’ complaint further alleges that numerous school officials were aware of and deliberately indifferent to the bullying, including numerous teachers, the bus driver, the school counselor, and other staff. Although the school district had policies in place for addressing bullying, those policies were allegedly ignored in Jon’s case. One teacher, after being told by another teacher that she was concerned about the bullying, “essentially replied that ‘boys will be boys’ and told the teacher to leave it alone.”
The district court dismissed the Carmi-chaels’ claims on September 26, 2012, and the Carmichaels appealed.
II.
This court reviews de novo a district court’s dismissal of a complaint for failure to state a claim upon which relief may be granted.[2] Under Rule 8(a)(2) of the Fed *289 eral Rules of Civil Procedure, the complaint must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” The court must accept as true all facts the plaintiffs allege in support of the claim and must construe those allegations in the light most favorable to the plaintiffs.[3] If those allegations “state a claim to relief that is plausible on its face,” the complaint is adequate and “will survive a motion to dismiss.” [4]
III.
As codified at 20 U.S.C. § 1681, Title IX provides that “[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance .... ” This provision of Title IX may be enforced in a private lawsuit for monetary damages.[5] According to the Carmichaels, the bullying experienced by Jon from 2009 to 2010 constituted a “severe, pervasive, and objectively offensive” pattern of student-on-student sexual harassment in violation of 20 U.S.C. § 1681 under Davis Next Friend LaShonda D. v. Monroe County Board of Education, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).
The district court rejected this argument based on its conclusion that, essentially, the sexual harassment alleged by the Carmichaels was not pervasive and the pervasive bullying alleged was not sexual harassment. That is, the district court agreed with the Carmichaels that “on one occasion,” which was the incident in March 2010 where Jon was “stripped nude” and “videotaped” in the locker room shortly before Jon’s suicide, “the harassers and bullies spoke words that had a sexual connotation.” The district court was not persuaded, however, that the allegations in the complaint supported the inference that “all of the numerous instances of harassment and bullying alleged” were instances of sexual harassment. The district court therefore dismissed the Carmichaels’ claim under 20 U.S.C. § 1681.
To the extent that the district court interpreted Davis, 526 U.S. at 650-54, 119 S.Ct. 1661, to foreclose claims under 20 U.S.C. § 1681 based on “a single instance” of student-on-student sexual harassment, we agree with the district court’s analysis. The Supreme Court explicitly limited Title IX claims based on student-on-student sex *290 ual harassment to encompass only “pervasive” and “widespread” conduct with the “systemic effect of denying the victim equal access to an educational program or activity.”[6] In that respect, we consider that the district court’s reasoning was sound.
The district court failed to take note, however, of sexual-harassment allegations in the complaint that do satisfy Title IX’s requirement of pervasiveness. In addition to the videotaped incident, in which the football team “stripped [Jon] nude and tied him up,” the complaint also refers to other “numerous occasions” on which “Jon was accosted by a group of boys in the locker room — oftentimes having his underwear removed — while Defendant Watts observed.” The complaint later refers collectively to these occurrences in the plural as “incidents of sexual assault.”[7] The district court did not analyze or even mention these portions of the Carmichaels’ complaint.
The removal of a person’s underwear without their consent on numerous occasions plausibly constitutes pervasive harassment of a sexual character. Indeed, “depending] on [the] constellation of surrounding circumstances, expectations, and relationship s,”[8] uninvited contact with the private parts of either the victim’s or harasser’s body has often been held to constitute sexual harassment under Title IX.[9] Moreover, it is irrelevant that both the victim and the harassers in the present case were male because, as we recognized in Sanches v. Carrollton-Farmers Branch Independent School District, 647 F.3d 156, 165 (5th Cir.2011), it is settled law that “[s]ame-sex sexual harassment is actionable under title IX.” Depending on the evidence at trial or summary judgment, the series of incidents where Jon’s underwear was forcibly removed could plausibly constitute “numerous acts of objectively offensive touching.”[10] Such acts plausibly fall outside the list of simple “insults, banter, teasing, shoving, pushing, and gender-specific conduct” which are “understandable ... in the school setting” and are not actionable under Title IX.[11]
We therefore reverse the district court’s dismissal of the Carmichaels’ Title IX claim on this narrow basis. We also note that the Carmichaels suggest in their complaint that Jon’s harassers were motivated by animus related to “gender-based stereotypes.” For the reasons set forth above, however, we have no need at the present time to address the applicability of decisions under Title VII, such as Price Waterhouse v. Hopkins, 490 U.S. 228, 235, 250-51, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), or EEOC v. Boh Brothers Construction Co., LLC, 731 F.3d 444, 453-57 (5th Cir.2013) (en banc), to Title IX claims involving acts of harassment committed by *291 students in middle school. We also need not address any of the other elements of the Carmichaels’ Title IX claim, such as the adequacy of the school’s responses to Jon’s complaints,[12] because neither the district court’s opinion nor the defendant-appellees’ briefs in the present appeal have addressed those aspects of this case.
IV.
We now turn to the equal-protection claims. The district court held that the equal-protection claims asserted against the defendants sued in their individual capacities should be dismissed because, among other reasons, those defendants were entitled to qualified immunity. The Carmichaels challenge the district court’s other reasons for dismissing the claims but they are silent regarding qualified immunity. Accordingly, the Carmi-chaels have not shown reversible error.[13]
The Carmichaels also asserted equal-protection claims against several officers of the school district in their official capacities. “Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.”[14] In other words, the complaint here asserted the equal-protection claims against the school district itself. “Under § 1983, a municipality or local governmental entity such as an independent school district may be held liable only for acts for which it is actually responsible,” ie., the school district’s policies and customs.[15] And in this regard, the complaint is threadbare. We hold that the facts alleged in the complaint are too scarce to make out a plausible claim that the school district is responsible for any sort of policy or custom resulting in the denial of equal protection. The district court is therefore affirmed as to the equal-protection claims.
V.
After the district court dismissed the Carmichaels’ federal-law claims, it then declined to exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3).[16] Because we reverse the district court’s dismissal of the Title IX claims, we likewise reverse dismissal of the state-law claims.
VI.
As explained above, the Carmichaels adequately allege a Title IX claim against the school district. Therefore, insofar as the district court dismissed that claim and declined to exercise supplemental jurisdiction over the state-law claims, the district court’s judgment is REVERSED and REMANDED for further proceedings in accordance with this opinion. In all other respects, the district court’s judgment is AFFIRMED.
REVERSED and REMANDED in part, and AFFIRMED in part.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not-precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The Carmichaels also asserted a substantive-due-process claim that has been abandoned on appeal.

. Gibson v. Tex. Dep't of Ins., 700 F.3d 227, 233 (5th Cir.2012).

. Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 219 (5th Cir.2012); Bustos v. Martini Club Inc., 599 F.3d 458, 461 (5th Cir.2010).

. Wilson v. Birnberg, 667 F.3d 591, 595 (5th Cir.2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 281, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998); Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 219 (5th Cir.1998). We note that the Carmichaels’ complaint, which names some defendants in their “individual capacities” and some in their "official capacities,” does not make clear which claims are brought against which defendants. The relevant provision of Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals,” as opposed to the institution that receives the federal funds. Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009). We therefore assume for purposes of this appeal that the Carmichaels have brought their Title IX claim against the school district (through the official-capacity defendants) and not the individual-capacity defendants. When raising such a claim, "a Title IX plaintiff can establish school district liability by showing that a single school administrator with authority to take corrective action responded to harassment with deliberate indifference.” Id.

. Davis, 526 U.S. at 652-54, 119 S.Ct. 1661.

. Compl. ¶¶51, 61, 89 (Rec.Doc.23) (emphasis added).

. See Davis, 526 U.S. at 651, 119 S.Ct. 1661 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 82, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).

. See id. at 633-34, 119 S.Ct. 1661. See also Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 85, 89-90 (2d Cir.2011) (permitting such contact to serve as the basis for a claim under Title IX); Trentadue v. Redmon, 619 F.3d 648, 650, 653 (7th Cir.2010) (describing such an incident in a Title IX case as sexual abuse, although affirming dismissal on other grounds); Patterson v. Hudson Area Sch., 551 F.3d 438, 442-43, 450 (6th Cir.2009) (permitting a case to proceed under Title IX based on such contact between students).

. See Davis, 526 U.S. at 653-54, 119 S.Ct. 1661.

. See id. at 651-52, 119 S.Ct. 1661.

. See Sanches, 647 F.3d at 168; Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 220 F.3d 380, 384 (5th Cir.2000).

. See Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir.2008) (“[T]he plaintiff has the burden to negate the [qualified-immunity] defense once properly raised.”).

. Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir.2000) (internal quotation marks, alterations, and citation omitted).

. Doe, 153 F.3d at 215-16 (analyzing Monell v. Dep’t of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

. See Sibley v. Lemaire, 184 F.3d 481, 490 (5th Cir.1999); Wong v. Stripling, 881 F.2d 200, 204 (5th Cir.1989).