# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10440
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

G. M., by and through his next friend, Carmen Lopez,

Plaintiff - Appellant

v.

RON SHELTON; ALEDO INDEPENDENT SCHOOL DISTRICT,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-19

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The district court dismissed Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff now appeals. Because we find that Plaintiff failed to state a claim upon which relief may be granted, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10440

On August 8th, 2012, Carmen Lopez ("Plaintiff") as mother and "next friend" to G.M., an elementary school student, filed a complaint in the Northern District of Texas against Aledo Independent School District ("Aledo"), as well as Ron Shelton individually and in his official capacity as principal of G.M.'s elementary school.[1] The complaint arose out of several years of bullying that G.M. experienced at the hands of another student, and alleges two federal claims pursuant to 42 U.S.C. § 1983—a substantive due process claim as well as an equal protection claim.[2] For the following reasons, we affirm the district court's ruling that the plaintiff in this case did not plead sufficient facts to state a claim for which relief may be granted.[3]

---

[1] The district court notes that Plaintiff fails to allege any claims against Ron Shelton with any factual particularity. Throughout the complaint, Plaintiff makes reference to "Defendants," without specifying which defendant the claim refers to. However, even if the entirety of the complaint was presumed to be against Ron Shelton, it would be insufficient to state a claim because the complaint fails to allege a clearly established constitutional violation. Without alleging a clearly established constitutional violation, Ron Shelton's defense of qualified immunity prevents liability as to him. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 869 (5th Cir. 2012) (finding that where the facts did not allege a constitutional violation, a claim for qualified immunity required no further review).

[2] Plaintiff initially alleged two additional causes of action against Aledo under state tort law for negligent hiring, training, and supervision, as well as intentional infliction of severe mental distress. The district court dismissed each of these without prejudice, and plaintiff does not contest the dismissal of these claims on appeal. Plaintiff also brought two causes of action arising under state tort law against the bully's father; both of these claims were severed from the current claim due to subsequent bankruptcy proceedings. Accordingly, this appeal will address only those federal claims brought against Aledo Independent School District and Ron Shelton.

[3] While we affirm the district court's ruling that the plaintiff in this case did not plead sufficient facts to state a claim that could survive a motion to dismiss pursuant to Rule 12(b)(6), we do not suggest that bullying is a matter that should be taken lightly. *See, e.g.*, *Carmichael v. Galbraith*, 574 F. App'x 286 (5th Cir. 2014) (per curiam) (reversing a district court's dismissal of a student-on-student sexual harassment complaint, where a thirteen-year-old child committed suicide after severe bullying at the hands of other students, including being stripped nude and tied up by the football team). "Bullying assumes many forms and practices ranging from 'daily cruelties designed to make a child appear weak and vulnerable in front of his or her peers' to threats and physical assaults." Matthew Earhart, *Bullying: What's Being Done and Why Schools Aren't Doing More*, 25 J. JUV. L. 26, 26 (2005).

No. 14-10440

## BACKGROUND

In 2012, G.M. was a fourth-grade student at Stuard Elementary School in Aledo, Texas. From the time that he was in kindergarten through the time that this suit was brought in 2012, G.M. suffered ongoing bullying by another student, including repeated incidents of being shoved into walls, pushed, kicked, and spit upon. From the beginning, G.M. and Plaintiff (G.M.'s mother), repeatedly contacted teachers and administrators to discuss the bullying and the negative impact that it had on G.M.'s physical and emotional health. Both in her complaint and on appeal, Plaintiff states that "Defendants" have known about the bullying, and have "either (1) [taken] no corrective action, (2) [taken] insufficient action, or (3) participated themselves in the bullying and harassment against G.M." The complaint states that "teachers and administrators" have not only been indifferent to these complaints, but have increased the danger to G.M. by punishing G.M. for defending himself while imposing no punishment on the perpetrator, and informing other students that their recess time was shorter due to Plaintiff and G.M.'s complaints about the bullying.

Plaintiff alleged a substantive due process violation as well as an equal protection claim under a theory of municipal liability against the school district (a "Monell" claim, pursuant to the Supreme Court's decision in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), whereby it was established that while a local government entity may not be

---

According to a nationwide survey conducted in 1998, 30% of students in grades six through ten, or 5.7 million students, were involved in multiple incidents of bullying, either as bullies, victims, or both. Kathleen Hart, *Sticks and Stones and Shotguns at School: The Ineffectiveness of Constitutional Antibullying Legislation as a Response to School Violence*, 39 GA. L. REV. 1109, 1116 (2005). "Research suggests that bullies and their victims are much more likely to carry guns, both inside and outside of school." *Id.* The effects of bullying are linked in many instances to suicide, spousal and child abuse, and sexual harassment later in life. *Id.*

3

No. 14-10440

sued for constitutional violations under § 1983 for the actions of its employees, it may be sued if the employees acted in accordance with an official "policy or custom." *Id.* at 694.).

The district court concluded that Plaintiff failed to allege sufficient facts regarding the municipal liability of the Board of Trustees, as she did not make a showing that the Board had a policy or custom that the school district followed in allowing the continued bullying of G.M. Because of this finding, the district court did not address the additional constitutional claims. We agree with the district court's ruling as to the municipal liability claim, and therefore also do not reach the merits of the underlying constitutional issues.

## STANDARD OF REVIEW

This court reviews a district court's dismissal for failure to state a claim *de novo*, accepting all well-pleaded facts as true, and viewing those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F. 3d 215, 219 (5th Cir. 2012). A complaint will not survive a motion to dismiss unless it pleads sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Gibson v. Tex. Dep't of Ins.*, 700 F. 3d 227, 233 (5th Cir. 2012) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations stated in the complaint must be sufficient to "raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

"Texas law is clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees." *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (*citing* TEX. EDUC. CODE 11.151(b): "The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district."). In order to state a claim for municipal liability under 42 U.S.C. § 1983 against a school

4

district in Texas, a  plaintiff must provide proof of (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Rivera*, 349 F.3d at 247 (citing *Piotrowski v. City of Hous.*, 237 F.3d 567 (5th Cir. 2001); *Monell*, 436 U.S. at 694.  A government entity may not be held liable for the acts of its employees under the theory of *respondeat superior*.  *Piotrowski*, 237 F.3d at 578 (citing *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)).  "If actions of [district] employees are to be used to prove a custom for which the [district] is liable, those actions must have occurred for so long or so frequently that the course of conduct warrants attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [district] employees." *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984).

An "official policy" may be either a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers *or* a persistent, widespread practice . . . which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster*, 735 F.2d at 842 (*citing Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)).  "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992).

Although the complaint does not explicitly mention an official policy, it does state that the actions taken by Defendants were "contrary to the written policies of Aledo Independent School District."  The district court inferred from this that Plaintiff must be pleading the existence of a widespread custom, as opposed to an official policy, of allowing the bullying of G.M. to continue.

However, the district court ultimately reasoned that because Plaintiff's complaint failed to make any allegation that "the majority" of Aledo's board of trustees were aware of or approved of their employees' actions with regard to G.M., such conduct could not be attributed to Aledo through its board of trustees.

While Plaintiff does not explicitly point to the board of trustees as the policymaking authority, she makes mention of "Board members" in her claim regarding a *de facto* policy. For example, the complaint alleges that, "the actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy which is implemented by the Superintendent, Principals, Assistant Principals, *Board members*, and other employees of the said Defendants" (emphasis added). Plaintiff also states that the existence of such a *de facto* policy "has been known to supervisory and policy making officers" for some time. However, despite making reference to this *de facto* policy and the "policy making officers'" awareness of it, Plaintiff does not allege sufficient facts to show the existence of such an underlying policy.

The district court further reasoned that the pleading lacked the factual particularity required for a meaningful allegation that an official policy was established by custom or practice. The court looked to a requirement set out by the Supreme Court in *City of Oklahoma City v. Tuttle*, wherein the court stated in a case regarding municipal liability established by custom, "the word 'policy' generally implies a course of action chosen from among various alternatives." 471 U.S. 808, 823 (1985). The district court is certainly correct that there is no indication from the complaint that the employees acted in accordance with a custom that was chosen from various alternatives. However, we find that the complaint lacked sufficient facts to show that a policy or custom to tolerate G.M.'s bullying existed at all.

No. 14-10440

Plaintiff states that Defendants acted "indifferent[ly]" to Plaintiff and G.M's complaints, and "condoned" student-on-student physical harassment and bullying in the past, "minimizing the severity of the acts by taking little or no punitive sanction against perpetrators to the point of violating their own policies and state and federal law." Without alleging facts to show that the district's employees were acting in conformance with a custom that could be attributed to the board of trustees, the allegations do not adequately state a claim under which the board may be held liable. *See Spiller*, 130 F.3d 162, 167 (denying the plaintiff's claim for municipal liability where she failed to show a causal connection between the unconstitutional misconduct and the city police department's policies).

The third requirement in stating a claim for municipal liability under § 1983 is a violation of a constitutional right whose "moving force" is the policy or custom. Plaintiff put forth two constitutional claims, although neither one is clearly articulated in the initial complaint. Plaintiff first alleged a substantive due process violation. On appeal, it becomes apparent that this claim was made under the "state-created danger" theory, a basis for constitutional protection that the Fifth Circuit has repeatedly declined to adopt. *See Rivera*, 349 F.3d at 249 (5th Cir. 2003); *Piotrowski*, 237 F.3d 567 (5th Cir. 2001). Plaintiff made clear in her opposition to the Defendants' motion to dismiss that her claim under the Equal Protection Clause was intended to be articulated as a "class of one" claim. Because we find that Plaintiff has not adequately pleaded the existence of a policy or custom, we do not address the merits of Plaintiff's constitutional claims. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 864 (5th. Cir. 2012); *Rivera*, 349 F.3d 244 (holding that, in a case where parents brought suit against their child's school district after their child had been stabbed to death in a hallway at school by another student, the parent's failure to establish the

existence of a custom or the Board's knowledge of it barred their state-created danger claim).

Plaintiff also contends that the district court abused its discretion in denying her leave to amend her complaint. Plaintiff failed to amend her complaint within twenty one days of the Defendants' motion to dismiss. *See* FED. R. CIV. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b),(e), or (f)."). In fact, her opposition to Defendants' motion to dismiss was not filed until five months after the motion. As such, it was only with the district court's leave that Plaintiff could amend. *See* FED. R. CIV. P. 15(a)(2).

The district court based its denial of leave to amend upon two local court rules. The first requires any document that contains more than one motion to clearly identify each included motion in its title. *See* N.D. TEX. CIV. R. 5.1(c). The second requires that when a party files a motion for leave to amend, the party must attach a copy of the proposed amended pleading as an exhibit to the motion. *See* N.D. TEX. CIV. R. 15.1. Plaintiff did neither, and we have previously held that failure to follow local court rules is a basis for upholding a district court's denial of leave to amend. *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).

## CONCLUSION

For the foregoing reasons, the district court's order granting Defendants' Motion to Dismiss is AFFIRMED.