In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3442

RITA TRENTADUE,

*Plaintiff-Appellant,*

*v.*

LEE REDMON and PEKIN COMMUNITY
HIGH SCHOOL DISTRICT NO. 303,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:06-cv-01296—**Michael M. Mihm**, *Judge.*

ARGUED SEPTEMBER 23, 2009—DECIDED AUGUST 18, 2010

Before FLAUM, WOOD, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Sergeant Mark Cole, an instructor in the Junior Reserve Officer Training Corps ("JROTC") program at Pekin High School in Central Illinois, sexually abused a female student enrolled in the program. Cole was criminally charged, convicted, and sentenced. Rita Trentadue, the victim, then brought this lawsuit alleging a § 1983 claim against Cole and his supervisor Major Lee Redmon, and a Title IX claim against Pekin Community

High School District No. 303. Trentadue eventually dropped her § 1983 claim against Cole. The district court dismissed the claim against Redmon based on circuit caselaw holding that Title IX displaces § 1983 as a remedy against school officials for sex discrimination in schools. *See Delgado v. Stegall*, 367 F.3d 668, 673-74 (7th Cir. 2004); *Boulahanis v. Bd. of Regents*, 198 F.3d 633, 639-40 (7th Cir. 1999); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 861-63 (7th Cir. 1996). The district court then granted summary judgment for the School District on the Title IX claim because there was no evidence that school officials knew of Cole's behavior and failed to stop it. Trentadue appealed.

We affirm. The Supreme Court's intervening decision in *Fitzgerald v. Barnstable School Committee*, 129 S. Ct. 788, 797 (2009), held that Title IX was not meant to be an exclusive remedy and therefore does not preclude suit under § 1983 for gender discrimination in schools. This displaces our circuit caselaw to the contrary and undermines the basis for the district court's dismissal of the § 1983 claim against Redmon. But the parties agreed that the record was fully developed on summary judgment, and based on our review of that record, we conclude there is no triable issue of material fact on either the § 1983 claim against Redmon or the Title IX claim against the School District.

## I. Background

During the 2003-2004 school year, Rita Trentadue was a junior at Pekin High School and participated in the

JROTC program. Major Lee Redmon supervised the program and Sergeant Mark Cole was an instructor. Starting in the summer months before the school year began and continuing through September 30, 2003, Cole had sexual contact with Trentadue on multiple occasions. The abuse occurred in the JROTC staff office at Pekin High and while they were out on drills away from the high school. On several occasions he moved his hand across her chest or down the back of her pants while giving her a hug. He also put his hand between her legs while she was a passenger in his car returning from drill practice. Most disturbing of all, when she fell asleep under a tree during a nighttime drill, he put his hand inside her pants and touched her genital area.

In early November 2003, Trentadue told her mother, Mary Hubner, about this sexual abuse, and on the morning of November 5, Trentadue and her mother went to the high school to report Cole's misconduct to Trentadue's guidance counselor. They then notified the school's principal, who immediately contacted the district's superintendent and assistant superintendent for instruction and personnel. The principal summoned Cole, informed him of the allegations, and directed him to report to the Pekin Police Station. The superintendent and assistant superintendent followed and interviewed Cole there. When Cole was asked what had happened with Rita Trentadue, he responded with what was essentially an admission. (He said: "I [expletive] up.") The superintendent then asked for and received Cole's resignation. Cole was charged with aggravated criminal sexual abuse and official misconduct and later pleaded guilty to these crimes.

On the morning of November 5, as Trentadue and her mother were reporting Cole's abuse to school officials, Trentadue's stepfather, Conrad Hubner, arrived at the high school to confront Cole. Instead of finding Cole in the JROTC office, however, Hubner found Major Redmon and told him about Cole's misconduct. Redmon said he had no knowledge of Cole's behavior. However, according to Hubner, Redmon also said this: "Well this incident has happened before, and it just in time goes away." Redmon did not elaborate on this statement at the time and was not asked to explain it at his deposition. He did, however, submit an affidavit in connection with the summary-judgment motion stating that his reference to "this incident" had nothing to do with Cole but related instead to an instance of inappropriate sexual contact between a female JROTC student and Redmon's predecessor as supervisor of the program. Redmon explained that as a result of that incident, his predecessor's contract was not renewed.

The local newspaper ran an article about Cole's arrest on November 6, the day after Trentadue disclosed the abuse to school officials. After the charges against Cole became public, two former Pekin High students disclosed that they, too, had been sexually abused by him while in the JROTC program. Mattie Sutton reported that Cole had sexual contact with her on several occasions in the spring of 2002, and Carrie Selby reported that Cole had sexual intercourse with her in 1996. Redmon testified that he was not aware of these allegations until the victims publicly reported the abuse after Cole's arrest; in fact, Redmon was not even

employed in the Pekin High JROTC program in 1996 when Selby was sexually assaulted. It is undisputed that no one else at the school, including the school administrators, knew about any of these incidents until after Cole resigned in November 2003.

Trentadue filed this lawsuit in the Central District of Illinois alleging a claim under 42 U.S.C. § 1983 against Redmon and Cole for violation of her right to equal protection, and a claim against the School District for violation of Title IX, *see* 20 U.S.C. § 1681. Trentadue later voluntarily dismissed her claim against Cole. The district court dismissed the § 1983 claim against Redmon based on caselaw in this circuit holding that Title IX precludes § 1983 claims of supervisory liability against school officials. After the completion of discovery, the court entered summary judgment for the School District on the Title IX claim, and Trentadue appealed.

## II. Analysis

### A. Dismissal of the § 1983 Claim Against Major Redmon

We review de novo the dismissal of the § 1983 claim against Redmon. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). Trentadue's § 1983 claim rested on a theory of supervisory liability, and the district court dismissed it on the rationale that Title IX provides an exclusive remedy against supervisory officials for sex discrimination in schools and thus precluded Trentadue's § 1983 claim. This decision was correct under

then-controlling circuit precedent. *E.g., Doe v. Smith*, 470 F.3d 331, 339 (7th Cir. 2006); *Delgado*, 367 F.3d at 673-74; *Waid*, 91 F.3d at 862; *see also Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981).

However, after the district court entered its final judgment but before the parties filed their appellate briefs, the Supreme Court held that Title IX does not displace § 1983 claims against school officials because it was not intended to be the exclusive remedy for addressing gender discrimination in schools. *Fitzgerald*, 129 S. Ct. at 797. The Court concluded in *Fitzgerald* that "§ 1983 suits based on the Equal Protection Clause remain available to plaintiffs alleging unconstitutional gender discrimination in schools." *Id.*

Trentadue argues, and the defendants concede, that the district court's dismissal order is erroneous under *Fitzgerald*. We agree. *Fitzgerald* is clear that Title IX was not meant to replace § 1983 claims alleging violations of the Equal Protection Clause. Trentadue's complaint states a cognizable § 1983 claim against Redmon on a theory of supervisory liability for violation of her equal-protection rights. Remand would ordinarily be appropriate but is not necessary here. The evidentiary record is fully developed, and both the § 1983 and Title IX claims hinge on the same set of facts, which Trentadue's counsel acknowledged at oral argument. Accordingly, we move to the question whether there is a material factual dispute for trial on either of Trentadue's claims.

**B.   Summary Judgment on the Title IX and § 1983 Claims**

Our review is de novo, *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008), and summary judgment is appropriate when the record reflects that there is no issue of material fact to be tried and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Springer*, 518 F.3d at 483. We construe the facts and draw all reasonable inferences in favor of the nonmoving party—in this case, Trentadue. *See Springer*, 518 F.3d at 484. Once the defendants have shown that the facts entitle them to judgment in their favor, the burden shifts to Trentadue to identify some evidence in the record that establishes a triable factual issue. *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 402 (7th Cir. 1998). To satisfy this burden, Trentadue must show more than "some metaphysical doubt as to the material facts," *Springer*, 518 F.3d at 484 (quotation marks omitted), and neither speculation nor generic challenges to a witness's credibility are sufficient to satisfy this burden, *id.*

Redmon's liability under § 1983 as Cole's supervisor requires some evidence that he knew about Cole's sexual misconduct and facilitated, approved, condoned, or turned a blind eye to it. *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Similarly, the School District's liability under Title IX for a teacher's sexual harassment of a student requires evidence that a school official with authority to institute corrective measures had actual knowledge of Cole's

misconduct and was deliberately indifferent to it. *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 605 (7th Cir. 2008).

It is undisputed that no administrator or official in the Pekin School District knew about Cole's sexual abuse of Sutton or Selby prior to their public disclosure of that abuse in November 2003 following the local news reports.[1] It is also undisputed that no one at the school—including Redmon, Cole's JROTC supervisor—knew about Cole's abuse of Trentadue until she and her mother reported it to school officials on November 5, 2003. As such, both of Trentadue's claims turn on whether Redmon knew about Cole's sexual abuse of Sutton or Selby.[2] Her entire argument on this critical point rests on the statement Redmon made to Conrad Hubner, Trentadue's stepfather, in which Redmon said that "this incident has happened before, and it just in time goes away."

---

[1] Trentadue testified at her deposition that her ex-boyfriend suggested that Cole may have had some sort of inappropriate contact with Mattie Sutton. However, there is no indication in the record, and Trentadue does not argue, that any school officials were aware of this.

[2] For Trentadue to state a prima facie case against the School District under Title IX, Redmon must also be considered a school official with authority to institute corrective measures. *See Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 605 (7th Cir. 2008). We have not previously considered whether the head of a JROTC program is such an official, but we need not answer the question here because Trentadue cannot establish the existence of a triable issue of fact.

Trentadue maintains that a reasonable jury could take Redmon's reference to "this incident" to mean that Redmon knew about Cole's earlier abuse of either Selby, Sutton, or both. This is little more than an invitation to speculation. There is no *evidence* to support this interpretation of Redmon's reference to "this incident"—nothing, that is, to make it reasonable to infer from his generic phraseology that Redmon had specific knowledge of Cole's prior misconduct involving Selby or Sutton. To the contrary, Redmon testified via affidavit that he had no knowledge of Cole's abuse of either student until they came forward and reported it in November 2003. He also explained in the affidavit that his reference to "this incident" was directed at misconduct committed by his predecessor as supervisor of the JROTC program, which had led to the nonrenewal of the predecessor's contract. As such, the burden shifted to Trentadue to identify some evidence creating a genuine issue for trial on the key threshold question of Redmon's knowledge of Cole's prior sexual abuse of his students. *See Dugan*, 142 F.3d at 402.

Trentadue suggests Conrad Hubner's deposition testimony is enough to get her case to a jury. Hubner testified that when Redmon said "this . . . has happened before" and "just in time goes away," he thought Redmon must have meant that "the problem gets swept underneath the rug" or "they ignore the problem." This assumption, too, is based on speculation, not evidence or inferences reasonably drawn from evidence about Redmon's prior knowledge. Trentadue did not question Redmon at his deposition about the meaning of this statement, and so

Redmon's affidavit is the only explanation of it that is properly in the record. This explanation is uncontroverted as an evidentiary matter and cannot be overcome by mere speculation. *See Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003).

Finally, Trentadue argues in the alternative that the School District might be held liable under Title IX based on a theory of student-on-student harassment. This argument is premised on the isolation and mistreatment she claims to have suffered after her disclosure of Cole's abuse became public. She reports that she lost nearly all of her friends, other students taunted her, a student put gum in her hair, and another was arrested for making an unspecified threat against her. Trentadue sought counseling and says she suffered from recurring nightmares.

A school district may incur Title IX liability for student-on-student sexual harassment if the district was deliberately indifferent to harassment that was so pervasive, severe, and objectively offensive that it denied the student equal access to education. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 649 (1999); *Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 821 (7th Cir. 2003). Trentadue cites no legal support for her alternative theory of Title IX liability and has otherwise failed to adequately develop this argument, and underdeveloped arguments are considered waived. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (insufficiently developed arguments are waived); *see also* FED. R. APP. P. 28(a)(9). Apart from the waiver, however,

the record simply does not suggest Trentadue was subjected to student-on-student sexual harassment that was so pervasive, severe, and objectively offensive as to deny her equal access to education in violation of Title IX. *See Gabrielle M.*, 315 F.3d at 822 (general accusations do not support a cause of action). The defendants have noted, to the contrary, that Trentadue's grades did not suffer, she was not extensively absent from school, she graduated with a class rank of 27 out of over 500, and thereafter enrolled in college. *See id.* at 823. Therefore, the record does not support Trentadue's alternative argument for Title IX liability.

Cole's treatment of Trentadue was appalling, but the record falls short of establishing a basis for § 1983 or Title IX liability against Redmon or the School District, respectively. Accordingly, we AFFIRM the entry of summary judgment dismissing Trentadue's Title IX claim against the School District and likewise AFFIRM the dismissal of her § 1983 claim against Redmon, though on the alternative grounds explained in this opinion.