In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-2619

JUANA I. GONZALEZ-KOENEKE,

*Plaintiff-Appellant*,

*v.*

DONALD WEST, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:12-cv-50311 — **Frederick J. Kapala**, *Judge*.

SUBMITTED MAY 28, 2015 — DECIDED JULY 1, 2015

Before BAUER, EASTERBROOK, and RIPPLE, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Juana I. Gonzalez-Koeneke brought
this action pro se, alleging that her government employer
discriminated against her, in violation of Title VII of the Civ-
il Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.
Approximately ten weeks later, she filed an amended com-
plaint. After she had retained counsel and after the defend-
ants had filed a motion to dismiss, Ms. Gonzalez-Koeneke

filed a motion requesting leave to file a second amended complaint. The district court granted the motion.[1]

The defendants moved to dismiss the second amended complaint for failing to state a claim upon which relief could be granted. The court granted the defendants' motion and dismissed the case with prejudice, in part relying on its standing order that provides that a dismissal will be with prejudice unless a party requests an opportunity to amend in its response to the motion to dismiss. Ms. Gonzalez-Koeneke then filed a motion to set aside the judgment and to amend her complaint. The district court denied the motion, stating that Ms. Gonzalez-Koeneke had not explained how she would amend the complaint to cure the deficiencies identified in the court's dismissal order.

Ms. Gonzalez-Koeneke now appeals the district court's judgment, challenging its order dismissing the case with prejudice and its order denying her motion to set aside the judgment and to amend her complaint. We affirm the judgment of the district court. Ms. Gonzalez-Koeneke never has explained, in the district court or in this court, how she would amend her complaint to state a claim for relief.

---

[1] In her second amended complaint, Ms. Gonzalez-Koeneke named as defendants Donald West, Ron Carey, Debbie Sharp, Gregg Wilson, and the Board of Education of Rockford School District No. 205.

# I

# BACKGROUND

## A.

Before her termination in 2011, Ms. Gonzalez-Koeneke had worked, for twelve years, as a bus driver for the Board of Education of Rockford School District No. 205 ("the District"). While driving her bus, she experienced a series of problems with the behavior of children on her bus and, consequently, filed incident reports with Debbie Sharp, another school district employee. When Sharp failed to respond to the reports, Ms. Gonzalez-Koeneke went to Donald West, the district's terminal manager, in an attempt to resolve the problem.

Gregg Wilson, whose title in the school district is not disclosed in the record, told Ms. Gonzalez-Koeneke that she did not know how to discipline the children. Wilson later suspended her for two days for failing to perform a proper pretrip inspection of her bus. Ms. Gonzalez-Koeneke claims that her suspension was actually in retaliation for having told West that Sharp did not respond to her earlier reports.

In May 2011, during her suspension, her union steward told her that Wilson wanted her to quit or to face the suspension of her bus-driver permit. Ms. Gonzalez-Koeneke claims that she never was given the opportunity to quit because Wilson issued a "School Bus Driver Employer Notification/Removal Form" that same day, which resulted in the suspension of her bus-driver permit for three years.[2] Shortly

---

[2] R.36 at 3.

thereafter, Ms. Gonzalez-Koeneke was terminated based on her suspended bus-driver permit.

**B.**

Ms. Gonzalez-Koeneke filed this action pro se on August 29, 2012. She alleged that the District and its management had discriminated against her. Although she proceeded pro se, she did have the advice of her attorney at the time of filing the complaint, as well as at the time of the filing of her first amended complaint in November 2012. In the first amended complaint, Ms. Gonzalez-Koeneke alleged that the defendants had discriminated against her on the basis of her color, national origin, and race.[3]

Ms. Gonzalez-Koeneke subsequently retained new counsel, who filed an appearance in June 2013. The following day, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thirteen days later, Ms. Gonzalez-Koeneke filed a motion for leave to file a second amended complaint. The district court struck the mo-

---

[3] In particular, Ms. Gonzalez-Koeneke alleged that she was "treated… differently from others," that she feared talking to Wilson because she "thought he would be angry and fire" her, that she was suspended because Wilson thought that she "had not done [her] job," and that she was fired "because they had suspended [her] license for three years." R.10 at 7. She then claimed that the defendants terminated and retaliated against her because of her color, national origin, and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. *See id.* at 3–4.

tion in part because Ms. Gonzalez-Koeneke had failed to attach a copy of the proposed second amended complaint. The district court instructed her to file a response to the defendants' motion to dismiss or "a motion for leave to file a Second Amended Complaint that is properly noticed for presentment and contains a copy of the proposed pleading as an exhibit by August 16, 2013."[4]

Ms. Gonzalez-Koeneke refiled her motion for leave to file a second amended complaint on that date and attached the proposed complaint. The court then granted her leave to file the complaint. This second amended complaint added allegations that a 2005 suspension also was discriminatory and that, by terminating Ms. Gonzalez-Koeneke, the defendants had violated her Fourth and Fourteenth Amendment rights.[5]

---

[4] R.30.

[5] Specifically, the complaint alleged that the defendants (1) violated her rights under the Fourth Amendment by depriving her of her bus-driver permit, (2) violated her rights under the Fourteenth Amendment "by punishing her more severely for minor infractions of work rules than her white counterparts for major infractions," and (3) violated her rights under 42 U.S.C. § 1981 "by retaliating against her for reporting Defendant Debbie Sharp's inaction to the terminal manager, Defendant Donald West." R.36 at 5. The second amended complaint included eleven counts claiming: (1) that the District developed and maintained policies exhibiting deliberate indifference to the constitutional rights of persons in their employ, which caused the violation of Ms. Gonzalez-Koeneke's rights under 42 U.S.C. § 1983 (Count I); (2) that the individual defendants violated her constitutional rights under § 1983 (Counts II–V); (3) that the individual defendants and the District violated her rights under § 1981 (Counts VI–IX); (4) that the District and the individual defendants conspired to violate her rights under § 1981 by creating a hostile work environment (Count X); and (5) that the District was liable for the individual

(continued...)

In response to the filing of the second amended complaint, the defendants filed a second Rule 12(b)(6) motion to dismiss, citing multiple factual deficiencies in her allegations.[6] Ms. Gonzalez-Koeneke responded to that motion by contending that her second amended complaint stated a claim under each theory asserted. Notably, she did not suggest that the supposed deficiencies identified in the defendants' motion could be cured by amendment, nor did she request leave to amend if the defendants' motion were granted.

The district court granted the defendants' motion and dismissed Ms. Gonzalez-Koeneke's case with prejudice. On the merits, the court concluded that her Fourth Amendment claims were defective because the loss of her bus driver's license did not implicate the Fourth Amendment. The court

---

(...continued)

defendants' actions under the doctrine of respondeat superior (Count XI).

[6] In their motion, the defendants contended that Ms. Gonzalez-Koeneke failed to state a claim under § 1983 (Counts I–V) because she failed to allege facts establishing a violation of her constitutional rights either by the individual defendants or on the basis of a District policy or custom. They further contended that she failed to state a claim under § 1981 (Counts VI–IX) because § 1981 claims cannot be brought against the District or the individual defendants in their official capacities and that, to the extent that the claims were brought against the defendants in their individual capacities, she failed to plead a prima facie case of retaliation or allege that she participated in a protected activity. They next submitted that the conspiracy allegations (Count X) were deficient because she did not allege an agreement between the parties. Finally, the defendants maintained that the District could not be held liable under a theory of respondeat superior for any of the claims alleged (Count XI).

further decided that her Fourth Amendment claims against the District failed because she never identified a violation of her constitutional rights, much less a District policy or custom causing such a violation. It then concluded that her equal protection claims failed because she did not allege that she was discriminated against based on her race. Instead, she alleged that she was retaliated against for complaining to West about Sharp and that she was fired for not having a bus driver's license.[7] For that same reason, the court decided that Ms. Gonzalez-Koeneke's § 1981 retaliation claims failed to state a claim for relief. The court then concluded that she failed to state a viable conspiracy claim because she did not allege that she was harassed or ridiculed on account of her race as required to make out a hostile work environment claim, nor did she allege that the defendants entered into an express agreement to violate her rights. Finally, the court determined that her remaining claim failed because respondeat superior liability was not available for constitutional torts and that, even if the doctrine applied, she failed to allege an underlying violation on which it could be premised.

Relying on its standing order, the district court dismissed the case with prejudice because Ms. Gonzalez-Koeneke had "not requested an opportunity to amend [her] complaint nor attached a proposed amended complaint or otherwise explained any potential changes which would address the shortcomings identified by the court."[8] The court concluded

---

[7] In addition, the court decided that her equal protection claim based on the 2005 suspension was time-barred.

[8] R.59 at 8. The court's standing order provides:

(continued...)

that it did "not see any exceptional circumstances which would warrant *sua sponte* leave to amend."[9] The court entered judgment the same day.

Ms. Gonzalez-Koeneke filed a motion under Federal Rule of Civil Procedure 60(b)(6) requesting that the district court set aside the judgment and allow her to file a third amended complaint. She submitted that her prior attorney, who had not filed an appearance but had assisted in the drafting of the initial complaint and the first amended complaint, had taken advantage of her. "Given that the Second Amended Complaint was the instant counsel's first attempt at getting relief for the plaintiff," she requested "that the court's order to dismiss be set aside, and that [she] be given an opportunity to amend."[10] She maintained that she had a meritorious

---

(...continued)

> In the case of a Rule 12(b)(6) motion, if a plaintiff wishes to retain an opportunity to amend the complaint following an adverse decision of this court, plaintiff should request the court's leave to replead in its response to defendant's Rule 12(b)(6) motion and inform the court of how, consistent with the requirements of Rule 11, it would amend the complaint. If a plaintiff fails to request such relief in its response, and this court finds in favor of the defendant, the dismissal will be with prejudice unless the court determines there are exceptional circumstances which would warrant leave to amend.

*Id.*

[9] *Id.*

[10] R.61 at 3.

claim and could "adequately present it" if "[g]iven the op-portunity."[11]

The district court denied the motion, stating that Ms. Gonzalez-Koeneke should not be permitted a fourth attempt at drafting a complaint that sufficiently stated a claim for relief because the litigation already had lasted over two years. More importantly, the court stated, Ms. Gonzalez-Koeneke failed to explain how a third amended complaint would remedy the deficiencies identified in the court's order granting the motion to dismiss. The court explained that, "[e]ven if this motion were a regular motion to amend under Rule 15,…the court would deny such a motion due to the lack of an opportunity to review the proposed amendments to insure that the proposed new filing would state a claim."[12]

Ms. Gonzalez-Koeneke timely filed a notice of appeal.[13]

---

[11] *Id.*

[12] R.62 at 1.

[13] The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction to decide this appeal under 28 U.S.C. § 1291.

Following the filing of this appeal, Ms. Gonzalez-Koeneke's counsel failed to gain admission to practice before this court. Counsel filed a motion requesting that the court "postpone ruling on his application for admission to the 7th Circuit Bar pending the outcome of the appeal of his censure in a case that is still ongoing, and for leave to argue before this court in the interim." App. R. 32 at 1. We denied counsel's motion and vacated oral argument. The defendants subsequently filed a motion to strike Ms. Gonzalez-Koeneke's briefs and to dismiss the appeal. Ms. Gonzalez-Koeneke responded by filing a motion to proceed pro se and to adopt all briefs filed in this matter. We denied the defendants' motion and granted Ms. Gonzalez-Koeneke's motion to proceed pro se.

(continued...)

## II

## DISCUSSION

Ms. Gonzalez-Koeneke contends that the district court erred by dismissing her complaint with prejudice and by denying her motion for reconsideration, seeking to amend her complaint after judgment was entered.[14] As she did in the district court, she maintains that, because her current counsel had only one opportunity to draft a complaint, justice requires that she be given a fourth opportunity to file a meritorious complaint.[15]

---

(...continued)

The appeal thus is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C). Counsel was later admitted to practice before this court and filed a certificate of interest.

[14] Specifically, Ms. Gonzalez-Koeneke submits that dismissal with prejudice is only appropriate in circumstances involving delay or contumacious conduct. She relies on cases addressing whether a district court erred in dismissing a complaint as a sanction. *See* Appellant's Br. 7 (quoting *Toney v. Rosewood Care Ctr., Inc.*, 62 Fed. App'x 697, 700 (7th Cir. 2003) (considering whether the district court erred in sanctioning the plaintiff under Rules 16(f) and 37(b)(2))). However, the "delay or contumacious conduct" standard applies only in the context of sanctions. *Cf., e.g., Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (applying "delay or contumacious conduct" standard to dismissal for failure to prosecute under Rule 41(b)). Because the district court did not dismiss her claim as a sanction, her contentions miss the mark.

[15] Although Ms. Gonzalez-Koeneke appealed the district court's decision granting the defendants' motion to dismiss, she does not challenge that decision on appeal. The issue therefore is waived. *See Trentadue v. Redmon*, 619 F.3d 648, 654 (7th Cir. 2010).

**A.**

We begin by setting forth the principles that must guide our decision. We review for an abuse of discretion a district court's decision to treat the dismissal of the complaint as one with prejudice. *See Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943–44 (7th Cir. 2012). Similarly, we review the denial of a motion for reconsideration for an abuse of discretion. *See Selective Ins. Co. of S.C. v. City of Paris*, 769 F.3d 501, 507 (7th Cir. 2014).

Federal Rule of Civil Procedure 15 provides that, as a general rule, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has pointedly told us that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). District courts, nevertheless, "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). "A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment." *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986). We have recognized, on many occasions, that a district court does not abuse its discretion by denying a motion for leave to amend when the plaintiff fails to establish that the proposed amendment would cure the deficiencies identified in the earlier complaint. *See, e.g., Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) ("After reviewing the record below and the allegations on appeal, we have no reason to believe that an amendment would not be futile in this case."); *Foster v.*

*DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("[A] district court may deny a motion to amend 'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss….'" (quoting *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004))).

Ordinarily, "[r]elief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Foster*, 545 F.3d at 584. However, once the requirements of those rules have been met, a plaintiff does not lose the ability to amend a complaint under the liberal standard articulated in Rule 15 simply because the court entered judgment and she now must seek relief under Rule 59 or 60. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015) ("When the district court has taken the unusual step of entering judgment at the same time it dismisses the complaint, the court need not find other extraordinary circumstances and must still apply the liberal standard for amending pleadings under Rule 15(a)(2)."); *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985) ("Even after entry of judgment on dismissal, however, *assuming the requirements of Rule 59(e) or 60(b) have been fulfilled*, the liberal standard of Rule 15(a) still controls and leave to amend shall be freely given when justice so requires." (alteration omitted) (emphasis added) (internal quotation marks omitted)). In this situation, the liberal amendment policy embodied in Rule 15 continues to govern a court's decision to dismiss a complaint with prejudice and its consideration of a post-judgment motion to amend. As we stated in *Runnion*:

> [A] district court cannot nullify the liberal right to amend under Rule 15(a)(2) by entering judgment prematurely at the same time it dismisses the complaint that would be amended. As with pre-judgment motions for leave to amend, the district court must still provide some reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend, and we will review that decision under the same standard we would otherwise review decisions on Rule 15(a)(2) motions for leave to amend.

*Runnion*, 786 F.3d at 522.

We will not reverse a district court's decision, however, when the court provides a reasonable explanation for why it denied the proposed amendment. *See id.* at 521–22. A district court acts within its discretion in denying leave to amend, either by dismissing a complaint with prejudice or by denying a post-judgment motion, when the plaintiff fails to demonstrate how the proposed amendment would cure the deficiencies in the prior complaint. *See Indep. Tr. Corp.,* 665 F.3d at 943–44 (holding that the district court did not abuse its discretion by dismissing a complaint with prejudice without allowing an opportunity to amend because the plaintiff "did not offer any meaningful indication of how it would plead differently"); *Hecker v. Deere & Co.,* 556 F.3d 575, 591 (7th Cir. 2009) (holding that the district court did not abuse its discretion by denying a motion for reconsideration requesting leave to amend the complaint "because the plaintiff did not attach an amended complaint and did not

indicate the 'exact nature of the amendments proposed'" (quoting *Twohy*, 758 F.2d at 1189)).[16]

**B.**

Here, as in *Runnion*, the district court dismissed the complaint and entered judgment at the same time. However, Ms. Gonzalez-Koeneke has failed, both in her post-trial motion and here on appeal, to provide a proposed amended complaint or otherwise to explain how a third amended complaint would cure the deficiencies identified in her second amended complaint. At no point did she give the district court a description of her amended complaint or produce a third amended complaint. And now, on appeal, she only contends that her "second amended complaint was current counsel's 'getting up to speed' effort, and should not be

---

[16] *See also Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 808 (7th Cir. 2010) (holding that the plaintiff's complaint should be dismissed with prejudice because she "ha[d] not suggested any way that she might amend her pleading to cure the deficiency"); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) (rejecting the argument that "the district court was *required* by Rule 15 to dismiss without prejudice and/or *sua sponte* grant leave to amend the complaint" in part because "[t]he district court could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it" (emphasis in original)); *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (holding that, "[b]ecause Crestview did not attach its proposed amended complaint to its motion for reconsideration or take the necessary steps to make its proposed amendment a part of the record on appeal, we cannot meaningfully assess whether its proposed amendment would have cured the deficiencies in the original pleading").

viewed in light of first counsel's foibles."[17] Nowhere does she address her proposed amendments or their merits. Given that she never has attempted to explain how she would amend her complaint to state a claim for relief, the district court did not abuse its discretion in dismissing her complaint with prejudice and in denying her post-judgment motion to amend.[18]

**Conclusion**

The judgment of the district court is affirmed.

AFFIRMED

---

[17] Appellant's Br. 9.

[18] The district court explained that it dismissed Ms. Gonzalez-Koeneke's complaint with prejudice and denied her motion for reconsideration because she failed to explain how she would amend her complaint. This explanation is an adequate basis for affirmance. We therefore have no occasion to address the propriety of the district court's standing order, which Ms. Gonzalez-Koeneke contends conflicts with Rule 15. We note that we recently explained that "[a] district court does not have the discretion to remove the liberal amendment standard by standing order or other mechanisms requiring plaintiffs to propose amendments before the court rules on a Rule 12(b)(6) motion on pain of forfeiture of the right to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 523 n.3 (7th Cir. 2015). Indeed, because the court's order could be understood as removing the liberal amendment standard and imposing a heightened burden on the plaintiff, whether this standing order is in conflict with Federal Rule of Civil Procedure 15 is a significant question that we eventually may have to confront if the district court persists in requiring litigants to propose a possible amended complaint even before the court has ruled on the adequacy of the one already filed. *See* Fed. R. Civ. P. 83(b).