**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided October 27, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 15-2660

| | |
|---|---|
| JASON HOSEA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-1397 |
| WILLIS SLAUGHTER, et al. *Defendants-Appellees*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

Jason Hosea challenges the dismissal of his suit under 42 U.S.C. § 1983 against the manager and owner of a storage lot (Willis Slaughter and Steve Timmerman), a police officer (Todd Keil), and two municipalities. His complaint appears to arise out of a dispute relating to cars that he stores at the lot. He alleges that Slaughter and Timmerman "racially discriminat[ed]" against him by "trying to cheat" him out of his "vehicles" and "involving" the police to "make it look legal." The district court dismissed Hosea's complaint for failure to state a claim. It reasoned that Hosea did not

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Rule 34(a)(2)(C).

allege that either Slaughter or Timmerman acted "under color of state law," as required for claims under § 1983. It also explained that Hosea did not allege that Keil violated any of Hosea's constitutional rights or that his injuries arose from a municipal practice. Because this reasoning is correct, we affirm the district court's judgment.

In his opening brief on appeal Hosea does not meaningfully challenge the reasons that the district court dismissed the case. But we have considered the issues that we can discern from Hosea's other filings. First we understand Hosea to argue that the district court erred in not recruiting a lawyer for him. But Hosea had made no attempts to obtain counsel on his own. When a litigant does not attempt to secure a lawyer, a district court does not abuse its discretion in denying the litigant's request to have the court recruit one for him. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc).

We also understand Hosea to argue that the district court erred in deciding to dismiss the complaint without a "hearing" on the facts of his case. Rule 12(b)(6) allows district courts to dismiss complaints that fail to state a legal claim *without* holding live hearings to determine the facts alleged in those cases. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) ("The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.").

For completeness we observe that the district court correctly ruled that the complaint was legally deficient. Slaughter and Timmerman cannot be liable under § 1983 without any factual allegations that they acted under color of state law. *See Armato v. Grounds*, 766 F.3d 713, 719–20 (7th Cir. 2014). Also because Hosea does not allege that officer Kiel did anything beyond responding to a request for police action, Hosea does not state a claim against him under § 1983. *See Ortiz v. City of Chicago*, 656 F.3d 523, 539 (7th Cir. 2011) (explaining that plaintiff must allege that state actors intentionally "caused the deprivation of a federal right") (quoting *Hafer v. Melo*, 502 U.S. 21 (1991)). And as the district court correctly observed, municipalities are not liable under § 1983 when, as here, the plaintiff has not alleged an unconstitutional custom or policy. *See Matthews v. City of East St. Louis*, 675 F.3d 703, 708–09 (7th Cir. 2012).

We are mindful that the district court did not offer Hosea, a pro se litigant, a chance to amend his complaint. "Courts should grant non-fee-paying plaintiffs, such as [Hosea], the same opportunity to amend a dismissed complaint as fee-paying plaintiffs receive." *Hughes v. Harris*, 809 F.3d 330, 333–34 (7th Cir. 2015). And as we said in *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they

generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." But a remand would be pointless. When the defendants identified the complaint's deficiencies in their motions to dismiss, Hosea filed responses, but none cured the deficiencies. Moreover, in this court Hosea has offered no factual elaborations that rectify the deficiencies that the district court noted in dismissing the case. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808–09 (7th Cir. 2015); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943–44 (7th Cir. 2012).

Because Hosea has a history of filing baseless suits like this one, the Central District of Illinois has barred him from filing suits without prepaying the filings fees. We now warn Hosea that frivolous appeals may result in a monetary sanction, the nonpayment of which will lead to a filing bar under *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED.