**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021[*]
Decided October 26, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3231

| | |
|---|---|
| ANDY H. WILLIAMS, JR.,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 20 C 2495 |
| J.B. PRITZKER, Governor of Illinois, and JOSEPH R. BIDEN, JR., President of the United States,<br>    *Defendants-Appellees*. | Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

This appeal turns on a narrow procedural issue. Andy Williams Jr. does not dispute the district court's decision that his civil complaint failed to state a claim. His sole contention is that the district court should have invited him to amend the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complaint before dismissing it with prejudice. Yet at no point has Williams told us (or the district court) what amendments he would make. Without that information, we cannot say that justice required leave to amend, so we affirm.

Williams sued the Governor of Illinois and the President of the United States to enjoin enforcement of COVID-19-related restrictions on social gatherings. He claimed, in broad strokes, that these restrictions deprive him of religious and political liberty promised by various statutes, constitutional provisions, and international declarations. When, on the Governor's motion, the district court dismissed the action for failure to state a claim, it marked the dismissal "with prejudice," concluding that amending the complaint would be futile. *See generally, e.g., Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341 (7th Cir. 2020) (rejecting religious-liberty challenge to COVID-19 restrictions). The district court also dismissed all claims against the President; because the President has filed nothing in this litigation and Williams's appellate brief does not mention him, we do not discuss the President further.

Before reaching Williams's argument, we must address the Governor's threshold defense of mootness. Williams sued in early 2020, shortly after Illinois's first COVID-19 orders were issued. Since then, those orders have been superseded. According to the Governor, the newer orders are less strict (because, for instance, they exempt religious gatherings from certain restrictions) and render Williams's challenge to the original orders moot. But because the ongoing pandemic makes it reasonably likely that stricter measures could be reinstated, we have thus far declined to treat challenges to superseded COVID-19 orders as moot. *Cassell v. Snyders*, 990 F.3d 539, 546 (7th Cir. 2021); *Elim Romanian Pentecostal Church*, 962 F.3d at 345. The Supreme Court appears to endorse this approach. *See Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021). *But see Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 12 (1st Cir. 2021) (finding challenge to rescinded order moot because governor had ended "state of emergency"); *Hawse v. Page*, 7 F.4th 685, 693 (8th Cir. 2021) (same, because improved public-health conditions and intervening precedents on merits of religious-gathering restrictions made reinstatement unlikely). Given today's uncertain landscape, we cannot safely say the Governor's new orders moot Williams's challenge to the old ones.

On the merits, Williams does not contest the district court's decision that he failed to state a claim. He maintains only that the court abused its discretion by not inviting him to amend the complaint before issuing a final judgment.

Yet the Federal Rules of Civil Procedure afforded Williams ample opportunity to propose amendments, and he did not take it. Had he sought to amend within 21 days after the Governor moved to dismiss, then Rule 15(a)(1)(B) would entitle him to do so as a matter of course. After that deadline, he still could have sought the court's leave to amend, which Rule 15(a)(2) requires judges to "freely" give "when justice so requires." We have directed courts to grant pro se litigants' requests to amend unless amendment would be futile, unfairly prejudicial to defendants, or unjust because of the plaintiff's misconduct. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Even the district court's entry of judgment need not bar a motion to amend: a plaintiff who has not previously sought leave may make that request in a timely motion to reconsider, at which point the judge must review the motion under the Rule 15 standard. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015).

But Williams never asked the district court for leave to amend—and he still does not say what his amendments would be. When the Governor moved to dismiss the complaint for failure to state a claim, Williams contested the merits but did not request a chance to plead anything new. Later, when the district court dismissed the complaint, Williams did not move to reconsider. *Cf. id.* at 518. And although he filed an appellate brief, he again omits discussion of any proposed amendment; instead he asserts, in general terms, that he deserves a further chance to craft some kind of amendment. Even after the Governor submitted an appellee's brief urging that Williams cannot prevail without describing his proposed amendments, Williams declined to file a reply brief. Without details about a plaintiff's proposed amendments, we cannot say justice required granting leave to amend, and we therefore will not upset the district court's dismissal with prejudice. *See Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 812 (7th Cir. 2021); *Gonzalez-Koeneke*, 791 F.3d at 808–09; *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

AFFIRMED