NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided November 10, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1182

| | |
|---|---|
| JEFFREY ALLEN ROWE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:20-CV-966-DRL-MGG |
| DAWN BUSS and ROBERT E. CARTER, JR., *Defendants-Appellees.* | Damon R. Leichty, *Judge.* |

**O R D E R**

Jeffrey Rowe, an Indiana inmate, maintains that the prison's assistant warden violated his constitutional rights when, in response to the COVID-19 pandemic, she implemented a quarantine policy for inmates who leave and then return to the prison. The district court dismissed Rowe's complaint for failure to state a claim. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We take as true the facts alleged in Rowe's complaint, drawing all inferences in his favor. *145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 766 (7th Cir. 2021). Indiana State Prison, where Rowe is housed, mandated in late 2020 that inmates returning to the prison from non-medical appointments quarantine for fourteen days. A limited exception to the quarantine requirement was available to inmates returning from a medical appointment who returned within twenty-four hours, followed hand-washing protocol, wore a mask, practiced social distancing, avoided contacting anyone with COVID-19, and remained under constant observation of the prison's transport officers. Rowe alleged that this exception was introduced in response to the refusal of prisoners to attend medical appointments because they did not want to be quarantined.

Rowe, who was scheduled to attend a court hearing in connection with a motion for a reduced sentence, asked the assistant warden whether he would have to quarantine upon his return. The assistant warden confirmed that he would because some courts, unlike all off-site hospitals and clinics, did not test for COVID-19. Rowe later attended his hearing and quarantined for fourteen days upon his return.

Rowe sued, alleging that he was quarantined in retaliation for filing his court motion, in violation of his First Amendment rights. *See* 42 U.S.C. § 1983. He also alleged that the assistant warden was deliberately indifferent to his safety, in violation of his Eighth Amendment rights, because she did not quarantine fellow inmates who returned from medical appointments. (The district court understood Rowe also to assert an equal protection claim, but Rowe disputed that characterization and says nothing further about it on appeal, so we do not either. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021).)

The district court screened Rowe's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Rowe could not state a retaliation claim, the court explained, because he alleged no plausible connection between his court filing and the prison's decision not to extend its quarantine exemption to inmates who attend court hearings. Nor could Rowe state an Eighth Amendment claim, the court continued, because he faced no substantial risk of harm by a quarantine policy that exempted inmates who attended medical appointments and followed all required safety protocols.

The court then denied Rowe's later request for relief under Rule 59(e) of the Federal Rules of Civil Procedure. Regarding the retaliation claim, the court reiterated

that Rowe had not alleged a plausible link between the motion he filed and the policy that resulted in his being quarantined. As for the Eighth Amendment claim, the court explained that Rowe alleged "no facts whatsoever" suggesting that the assistant warden's quarantine policy reflected deliberate indifference or that he has been harmed by the failure to quarantine individuals returning from medical appointments.

On appeal, Rowe first challenges the dismissal of his retaliation claim on grounds that the district court held him to a heightened pleading standard. In Rowe's view, he was not required to plead that his protected activity *caused* the adverse action; it was sufficient that he alleged engaging in protected First Amendment activity (filing a motion for a reduced sentence) and suffering an adverse event (forced quarantine).

The district court did not hold Rowe to a heightened standard. To state a First Amendment retaliation claim, Rowe had to allege plausibly that he engaged in a protected activity, that he suffered an adverse action, and that his protected conduct motivated the adverse action. *See 145 Fisk*, 986 F.3d at 766 (affirming dismissal where litigant had not plausibly alleged all three elements); *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012) (same). Rowe's complaint did not meet this bar because he alleged no plausible retaliatory link between his court motion and the quarantine requirement. The assistant warden could not plausibly—or even possibly—have intended the quarantine policy to retaliate against Rowe because its enactment preceded his informing her that he filed his motion. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) ("To prevail on [retaliation] claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'"). Nor could she have intended the policy to retaliate generally against protected activities because, according to Rowe's complaint, the policy aimed to curb the spread of COVID-19 within the prison, and it applied with equal force to an inmate's *non*-protected conduct, such as visiting an outside doctor and not complying with the requisite safety protocol. Because he has not alleged enough to permit an inference that the assistant warden retaliated against him, this claim was properly dismissed.

Rowe next attacks the dismissal of his deliberate-indifference claim. He reprises his argument (from his motion for reconsideration) that the assistant warden purposefully put him at serious risk of contracting COVID-19 when she lifted the quarantine requirement for inmates who return from medical visits and follow safety measures.

The district court properly dismissed Rowe's deliberate indifference claim. To plead deliberate indifference, Rowe needed to allege plausibly that the assistant warden knew of a significant risk of serious harm and failed to take reasonable steps to mitigate or prevent that risk. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Peterson v. Wexford Health Sources, Inc.*, 986 F.d 746, 751, 753 (7th Cir. 2021). But by Rowe's own account, the assistant warden introduced measures to mitigate risk when she conditioned the quarantine exemption for certain inmates—those returning from short medical visits—on compliance with specific safety precautions against COVID-19. Rowe's allegations cannot plausibly state an Eighth Amendment claim.

To the extent Rowe believes that the court should have let him amend his complaint with regard to his Eighth Amendment claim, the court appropriately concluded that amendment would be futile. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). A district court does not abuse its discretion by denying leave to amend when, as here, the plaintiff does not suggest how the proposed amendment would cure the deficiencies identified in the complaint. *Id*.

Lastly, with regard to the denial of his Rule 59(e) motion, Rowe asserts that the court should not have dismissed his First and Eighth Amendment claims. But because the district court properly dismissed those claims (as we have explained), it acted well within its discretion also to deny the motion.

AFFIRMED